# Alexander v. Sanders.

93  345
101  530

*Action for Breach of Special Written Contract.*

1. *Insurance of debtor's life by creditor; contract for transfer of interest to widow.*—A creditor having taken out a policy of insurance on the life of his debtor for $2,000, claiming that as the amount of his debt, and having filed the required proofs after the death of the debtor; after which, the widow threatening to prevent or obstruct the collection of the policy, he promised in writing to 'let her have $900 of the policy when collected, and she is to do all in her power in aid of the collection of the policy;' *held,* that the widow could recover nothing on the promise, on evidence showing that she afterwards voluntarily made an affidavit that the amount of the creditor's debt was not more than $1,000, that he then compromised the claim for that amount, and that she signed the receipt jointly with him.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. JESSE M. CARMICHAEL.

H. D. CLAYTON, for appellant.

G. L. COMER, *contra.*

STONE, C. J.—This is a peculiar suit, when the contract for the breach of which the action was brought is taken into consideration. The action was brought against the appellant, Moses Alexander, and counted for damages for the alleged breach of the following contract: "This agreement is, that I am to let Mrs. Emma Sanders have nine hundred dollars of a policy of or on the life of Cicero M. Sanders, when I collect it, and that she is to do all within her power in aid of the collection of the policy; this December 25th, 1886;" signed, "*Moses Alexander.*"

It was shown in evidence that the said Alexander, as creditor of Cicero M. Sanders, had taken out a policy of insurance upon Sanders' life, making himself the beneficiary. This, if a creditor, he had a right to do.—*Bevin v. Conn., &c., Ins. Co.,* 23 Conn. 244; *Morrell v. Trenton Ins. Co.,* 10 Cush. (Mass.) 282.

While the contract sued on is strange in its obligations, and peculiar in its requirement, we are not left without evidence tending to show the object intended to be accomplished by it, and the cause which led up to its execution. In his examination as a witness, the defendant testified that he had taken the steps required by the policy for its collection, when the contract here sued on was executed. He further testified, and was not contradicted, that when he signed the contract sued on, Mrs. Sanders, the plaintiff, was threatening to prevent or obstruct him in the collection of the policy; and, in his own phraseology, he "thought half of a loaf was better than no loaf."

In the construction of any written agreement, it is proper to consider the circumstances surrounding the parties at the time of its execution—to take into account the motives, as gathered from such surrounding circumstances, and in this way to learn the object intended to be accomplished thereby. In the light of this settled rule of construction, we hold that Mrs. Sanders, as promisee, is not entitled to the compensation stipulated for, nor can she, as plaintiff, maintain this action, by simply showing that she has done "all in her power in aid of the collection of the policy."

It was in evidence that the said Mrs. Sanders, in February, or March, 1887, voluntarily, and without legal coercion, made an affidavit that, at the time the defendant took out the policy of insurance on her husband's life, the latter was not indebted to Alexander in more than one thousand dollars. Alexander, the appellant, testified that, when he took out the policy, Sanders actually owed him a fraction over two thousand dollars. Two thousand dollars was the sum of the policy. On April 18, 1887, the said Alexander compromised the said claim for one thousand dollars, Mrs. Sanders signing the receipt for the said amount with Alexander. Whether or not the compromise was caused by the making of this affidavit by the plaintiff, it was for the jury to determine from all the facts and circumstances of the case. The defendant could not testify as to the motive he had in making the compromise, or as to the cause which prompted its consummation.

While a creditor has an insurable interest in the life of his debtor, the policy must be consistent with the amount of

the indebtedness.—*Cooper v. Schaeffer*, 11 Atl. Rep. 548; 11 Amer. & Eng. Ency. of Law, 320. Whether, if the affidavit had been true, the indebtedness of Sanders to Alexander as therein stated, and the amount of the policy, were so grossly disproportionate as to have prevented the collection of the face value of the policy, can have no effect upon the decision of this case. Nor can it be an absolutely controlling inquiry, whether the result of Mrs. Sanders making the affidavit would have been to destroy the defendant's claim against the insurance company. Certain it is, from the evidence adduced, that the affidavit retarded the immediate collection of the policy, and hindered the adjustment of the claim as contemplated. Making such voluntary affidavit, was not doing "all in her power in aid of the collection of the policy." She, at least, hindered and obstructed its proper adjustment,

Pretermitting all inquiry as to the want or failure of consideration affecting the validity of the contract sued on, we hold that, according to the undisputed evidence, the plaintiff did not perform her part of said contract, but broke it. The general affirmative charge in favor of the defendant ought to have been given.

This ruling renders unnecessary the consideration of the several rulings on the evidence, and in reference to the charges given and refused.

Reversed and remanded.