.[Planters & Merchants Insurance Co. v. Thurston.]

# Planters & Merchants Insurance Co. v. Thurston.

|93  255|
|104  190|

*Action on Policy of Insurance against Fire.*

1. *Insurable interest of contractor moving house.*—A contractor who is engaged in removing a house for another person has an insurable interest in the building during its removal; and on the destruction of the building by fire before its removal is complete, he is entitled to recover to the extent of the money and labor he had expended on the job, and the profit he would have realized on its completion, not exceeding the amount of the policy.

2. *Representations as to interest of insured.*—In an action on a policy or certificate of insurance against fire, which states that plaintiff has insured "his one-story frame building now being moved," the application being made verbally, and the insurance being for thirty days only, it is competent for the plaintiff to prove that he fully informed the agent of the insurance company of the nature and extent of his interest in the building—that he was engaged in removing it under contract with the owner, and wanted to insure his interest until the removal was completed.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Charles H. Thurston against the appellant corporation, and was founded on a policy, or certificate of insurance, which was issued and signed by one Ellis as the defendant's agent at Birmingham, in these words: "This certifies that C. H. Thurston & Co. is insured in this company against loss or damage by fire, under and subject to the conditions of open policy No. 5,177, to the amount of $1,200—$400 on his one-story shingle-roof building now being moved on Ave. 7, between 21st and 22d streets, to rear 200 ft., south side, and $800 frame building now being moved on Ave. 5 and 6, between 21st and 22d streets, south side, for the period of thirty days, terminating May 17th, 1886, at noon." The house first described, which was insured for $400, was destroyed by fire before its removal was completed, within the thirty days covered by the policy; and this action was brought on the 10th June, 1886. The defense was, that the plaintiff did not have an insurable interest in the house, and that he did not truly represent the ownership of the property, as required by the printed conditions annexed to the policy. The plaintiff testified that he was to be paid $470 for moving the house, and that he informed said Ellis, the agent to whom he applied for the insurance, of the nature of his interest in the property; and in this he was corroborated by one Bliss, a former agent of the company, who was present at the conversation between the parties, but left before it was concluded. Ellis testified, on behalf of the defendant, that plaintiff had previously talked to him about insurance on houses he was moving, but did not say anything about the ownership of the house at the time he made application for this policy; "did not tell me the house was not his property, nor did I ask him to whom it belonged, because it was none of my business." On the evidence adduced, a jury having been waived, the court rendered judgment for the plaintiff, for $302; and this judgment is the only matter assigned as error.

E. F. TALIAFERRO, for appellant.

[Weinstein v. Freyer.]

GREGG & THORNTON, *contra*,

STONE, C. J.—We think it is clear, under the facts of this case, that Thurston had an insurable interest in the house he was engaged in moving. The money and labor he had expended on the job, and the profit he would realize on its completion, make up the sum of the loss he suffered in the destruction of the house while in the process of removal. The burning of the house before reaching its stipulated destination placed it beyond his power to comply with his contract, and thus disabled him to earn his agreed compensation. This, under the modern rule, is an insurable interest.—*Com. Fire Ins. Co. v. Cap. City Ins. Co.*, 81 Ala. 320; May on Insurance, §§ 80, 93; *Carter v. Fire Ins. Co.*, 12 Iowa, 287.

So, we do not think the City Court erred in receiving oral testimony that, when the application for insurance was made, the agent was fully and accurately informed of the nature and extent of the interest he was asked to insure. The application was *ore tenus*, and no record was made of it. Both the testimony of the witness Bliss, and the certificate of insurance itself, go far to corroborate Thurston's evidence on this point. The case is brought directly within our rule.—*Williamson v. N. C. Ins. Co.*, 84 Ala. 106; *Brown v. Com. Fire Ins. Co.*, 86 Ala. 189; *Ala. Gold Life Ins. Co. v. Garner*, 77 Ala. 210; *Com. Fire Ins. Co. v. Allen*, 80 Ala. 571; *Key v. DeMoines Ins. Co.*, 77 Iowa, 174; s. c., 41 N. W. Rep. 614.

The City Court gave judgment in favor of the plaintiff for what the testimony showed the latter had lost in labor and expenses incurred, and in the profits he was prevented from realizing. Nothing was allowed for the tools destroyed. We fully concur with the City Court in its finding.

Affirmed.