# Creed et al. v. The Sun Fire Office of London.

*Action on Fire Insurance Policy.*

1. *Insurance company; agent's mis-statements do not avoid policy.*—Where an applicant for insurance makes full and true answers to the questions contained in the application, but the agent, himself writing the application, knowingly and intentionally writes down the answers different from the statements made by the insured, the insurance company can not avoid its obligation under said policy, on the ground that the interest of the insured was not truly stated in the application, as required by the policy.

2. *Creditor has insurable interest in deceased creditor's property.*—The creditor of a deceased debtor, whose estate is insufficient to pay his debts, has an insurable interest in the property of the estate, which may be subjected by a proceeding *in rem* to the payment of his debts; but the recovery can not exceed the amount of the insurable interest.

3. *Action on insurance policy; pleadings.*—In an action on an insurance policy, pleadings that allege that the building insured belonged to the estate of the deceased person, who owned no other real estate, that the said building and lot on which it was situated were subject to the homestead and dower right of the deceased's widow, who was one of the insured, that the other insured was a creditor of the deceased, and that the personal assets of his estate were insufficient to pay his debts, show an insurable interest in said building in both of the insured.

APPEAL from the Circuit Court of Montgomery.
Tried before the HON. JOHN R. TYSON.

This was an action brought by the appellants, Katie Creed and Mattie Flinn, against the appellee to recover $2,000, the amount claimed on a policy of insurance on

[Creed et al. v. The Sun Fire Office of London.]

a building situated near the city of Montgomery, which was insured by the defendant against loss or injury by fire, and which was, before the bringing of said suit, entirely destroyed by fire. The defendant pleaded several pleas. By the first plea it pleaded the general issue. In the third plea it averred that by the terms of said policy it was provided that the entire policy was to be void if the insured concealed or misrepresented any material fact concerning the insurance or the subject thereof; and further averred that the insurer had concealed a material fact concerning the subject of the insurance, in that, the plaintiffs applied for, and took out said insurance upon the house described in the complaint as their property, whereas in truth, it was, at the time of the taking out of said policy, and at the time of said fire, the property of the estate of one T. W. Creed, who died intestate before the taking out of said insurance policy; and that the said T. W. Creed left surviving him brothers and sisters, heirs at law, and that neither of the plaintiffs was a sister of the deceased; and that the plaintiffs concealed from the defendant the fact that said house was the property of the estate of the said T. W. Creed, deceased. In the sixth plea the defendant set up as a defense that the fire by which the building was destroyed was caused by the fault of the plaintiffs. The second, fourth and fifth pleas are in the following language: "Second. It avers and states that in and by the terms of the policy sued on in this case it is expressly provided, among other things, that the entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, shall be void if the interest of the insured be other than the unconditional and sole ownership of the property insured, and defendant avers that the said insured took out the said policy upon the said house described in said complaint as their property, and that at the time the said insurance occurred and at the time said building was destroyed by fire the said house was not the property of the said plaintiffs; and defendant further avers that the said policy contains no agreement endorsed thereon or added thereto that the plaintiffs might insure the said property although they were not the sole and unconditional owners of the said property." "Fourth. And further answering said complaint defendant says: That in and by the terms of the policy sued on in said complaint it is

expressly provided that the entire policy shall be void if the interest of the insured in the property be not truly stated therein; and defendant avers that the interest of the said insured is not truly stated in the said policy; that the said property is insured as the property of the said plaintiffs, whereas in truth and in fact the said property was not the property of the said plaintiffs; that the said Mattie Flinn had no interest in the said property; that the said house insured formerly belonged to one T. W. Creed, who had died intestate, leaving certain brothers and sisters as his heirs at law; that the only interest that the said plaintiff Katie Creed had in and to the said property was the interest which she, as the widow of the said T. W. Creed, might acquire therein, and the said Mattie Flinn had no interest therein; wherefore this defendant avers that the interest of the said plaintiffs, the insured, was not truly stated in the said policy, and that the same is void." "Fifth. And further answering said complaint this defendant avers, that in and by the terms of said policy it is expressly provided that, unless it is provided by agreement indorsed thereon or added thereto, the said policy shall be void if the subject of the insurance be a building on ground not owned by the insured in fee simple; and defendant avers that the subject of insurance in this instance was a building on a certain lot of land near the city of Montgomery, Alabama; that the said lot of land was not at the time of taking out said policy or at the time of said loss, nor at any time after the taking out of the said policy, owned by said plaintiffs in fee simple, but that, on the contrary, the said ground was owned by the heirs at law of one T. W. Creed, then lately deceased; and that plaintiffs were not the heirs at law of said T. W. Creed; and defendant further avers that no agreement was endorsed on the said policy or added thereto providing that the subject of insurance might be on ground not owned by the insured in fee simple; and that the defendant had no notice at the time of the issuance of said policy, nor at any time prior to the burning of said building, that the plaintiffs did not own the ground upon which the said building was situated."

The plaintiffs joined issue on the first, third and sixth pleas, and to the second, fourth and fifth pleas they filed the following replication: "That at the time of taking

out the policy of insurance sued on in this cause, Katie
Creed, one of the plaintiffs, was the widow of T. W. Creed
then lately deceased, who died seized in fee of the prop-
erty insured, and that she is still such widow; that as
such widow she had and has an interest by way of dower
and homestead in the property covered by said insurance,
that she had such interest at the time of the application
for and the issuance of said policy by defendant; that at
the time of the application for and the issuance of said
policy Mattie Flinn, the other plaintiff in this cause, was
a large creditor of the estate of T. W. Creed in the amount
of, to-wit, about two thousand dollars, and that she was
such creditor at the time of the burning of said house
insured and described in the complaint in this cause,
and such claim of Mattie Flinn has been ever since the
taking out of the policy of insurance sued on, and is
now, a valid and subsisting demand against the estate
of T. W. Creed, deceased; that there is not and was not,
at the time of the application for and the issuance of the
policy sued on in this cause, enough personal property
belonging to the estate of T. W. Creed to pay the debts
due and outstanding against said estate. And plaintiffs
aver that they applied to one J. B. Trimble, who was, at
the time of said application, the regularly constituted
agent of defendant corporation, for said policy on said
building; that said J. B. Trimble well knew at the time
plaintiffs applied for said policy, and at the time of the
issuance and delivery to them by him as such agent of
defendant corporation, that the said property so insured
was the property of the estate of T. W. Creed, deceased,
and that he was, at the time of the application for said
policy, informed of this fact by plaintiffs; that said
Trimble, as agent of defendant, well knew, at the time
of the application for said policy and its issuance, and
was then and there informed by plaintiffs, that their only
interests in the property so insured was, that plaintiff
Mattie Flinn was a creditor as above described of the
estate of T. W. Creed, and that plaintiff Katie Creed was
the widow of said T. W. Creed, and as such had a dower
and homestead interest in said property; that so know-
ing, said J. B. Trimble himself drew up the application
for said insurance, received the premium therefor, and
turned the policy over to plaintiffs, and that plaintiffs never
in any way misrepresented the title to said property to the

[Creed et al. v. The Sun Fire Office of London.]

defendant or any of its agents, but that the defendant, with full knowledge as aforesaid, issued said policy to plaintiffs." This replication was afterwards amended by averring that the property insured in said policy was the only real property of the estate of said T. W. Creed, deceased. To the replication as amended the defendant demurred on the following grounds: 1st. It is averred in the second plea, and not denied by the replication, that the policy sued on contains a clause and stipulation that it should be void, unless otherwise provided by agreement endorsed thereon, if the interest of the insured should be other than the unconditional and sole ownership of the property insured, and it is shown by the allegations of said replication that the insured were not the unconditional and sole owners of such property, and it is not averred therein that there is any agreement endorsed on said policy that plaintiffs might insure such property although they were not such owners. 2d. It is averred in the fourth plea, and not denied by said replication, that one of the terms of the policy sued on is that the same should be void if the interest of the insured in the property be not truly stated in the policy, and it is not shown by said replication that such interest was truly stated. 3d. It is shown by said replication that the interest of the insured was not truly stated in the policy. 4th. It is not denied that the policy sued on provides that it should be void if the buildings insured were not situated on ground owned by the insured in fee simple, and it is shown by the allegations of said replication they were not such owners. 5th. It is shown by the allegations of said replication that plaintiffs had no insurable interest in the property covered by the policy sued on. 6th. It is shown by the allegations of said replication that plaintiff Flinn had no insurable interest in the property covered by the policy sued on. 7th. It is shown by the allegations of said replication that the contract sued upon was and is a wagering or gambling contract. 8th. It is shown by the allegations of said replication that plaintiff Flinn had no interest in the property covered by the policy sued on, and that the alleged contract insuring the same was and is against public policy and void. 9th. It is not shown by the allegations of said replication that plaintiff Creed had any homestead right in the property covered by the policy sued on. 10th.

[Creed et al. v. The Sun Fire Office of London.]

It is shown by the allegations that the property was not subject to the debt of Mattie Flinn.''

The court sustained these demurrers, and the plaintiffs declining to plead further; the court rendered judgment for the defendant. The plaintiffs prosecute the present appeal and assign as error the sustaining of the demurrers to their replication and the rendering of judgment for defendant.

A. A. WILEY, for appellants.—An insurance company cannot be permitted to take advantage of the mis-statements of its own agent, and avoid the policy, when the insured was without fault.—*Williamson v. New Orleans Ins. Asso.*, 84 Ala. 108, 4 So. Rep. 36; *Ala. Gold Life Ins. Co. v. Garner*, 77 Ala. 210; *Herndon v. Triple Alliance*, 45 Mo. App. 426; *Follette v. United States Mut. Acc. Ass'n.* (N. C.) 14 S. E. Rep. 923; *Gristock v. Royal Ins. Co.* (Mich.) 49 N. W. Rep. 634. The term ''interest,'' as used in a policy of insurance, does not necessarily imply property. The person may have an insurable interest without an absolute legal or equitable title in the property.—*Putnam v. Mercantile Ins. Co.*, 5 Metc. 386; *Lazarus v. Commonwealth Ins. Co.*, 19 Pick. 81, 98; *Hancox v. Fishing Ins. Co.*, 3 Sumner's C. C. 132; *Fenn v New Orleans Mut. Ins. Co.*, 53 Ga. 579. *Depaba v. Ludlow*, Comyn's Rep. 360; *Schweiger v. Magee*, Cook & Al. 182; *Keith v. Protection Marine Ins. Co. of Paris*, Ir. L. D. 10 Ex. 51. It can not be denied that Mrs. Creed, as the widow of the deceased, being entitled to dower and a homestead right in the property insured, had an insurable interest therein.—*Harris v. York Mut. Ins. Co.*, 50 Penn. 341; *Lucena v. Crawford*, 5 Bos. & Pul. 269; *Buck v. Chespeake Ins. Co.*, 1 Peters (U. S.) 151; *DeForrest v. Fulton Fire Ins. Co.*, 1 Hall Sup. C. Rep. 84; *Waring v. Ind. Fire Ins. Co.*, 45 N. Y. 606.

Under the facts of the case Mattie Flinn, as a creditor of the deceased, had an insurable interest in the property insured. It has been repeatedly held that ''a general creditor of the estate of a deceased, whose personal property left is insufficient for the payment of his debts, has an insurable interest in the sole real estate of the diseased debtor, when it is plain that if it is damaged by fire a pecuniary loss must ensue to the creditor thereby.— See New Digest of Insurance Decisions, Fire & Marine

(by Hine & Nichols) under the title "Insurable Interest," page 263, citing 1 Arnold on Marine Ins. 229; Bun on Life Ins. 16; Hughes on Ins. 30; 1 Marshall on Ins. 115; 1 Phillips on Ins. 2107; Sherman on Ins. 93; Parsons on Merc. Law, 507; Parsons on Cont., 438; *Buck v. Chespeake Ins. Co.*, 1 Peters 151; *Mapes v. Coffin*, 5 Paige 296; *Mickles v. Rochester City Bank*, 11 Paige 116; *Herkimer v. Rice*, 27 N. Y. 163; *Savage v. Howard Ins. Co.*, 52 N. Y. 502; *Clinton v. Hope Ins. Co.*, 45 N. Y. 454; *Waring v. Loder*, 53 N. Y. 581 *Hancock v. Ins. Co.*, 3 Sumner 132-140; Angel on Ins. Co., § 56; *Rohrbach v. Germania Fire Ins. Co.*, N. Y. C. A. 62 N. Y. 47; 4 Ins. Law Journal 737.

No counsel entered as appearing for appellee.

COLEMAN, J.—This is an action by appellants upon a policy of insurance issued for the benefit of plaintiffs, insuring a certain dwelling against loss or destruction by fire. The suit is in the joint name of Katie Creed and Mattie Flinn, the assured. The defendant pleaded several special pleas, upon some of which issue was joined, and to the others a replication was filed by plaintiffs. The court sustained a demurrer to the replication, and the plaintiffs declining to plead further, judgment was rendered for the defendant.

Several questions have been argued, but the rulings of the court upon the demurrers to the replication present the material questions involved on this appeal. The first is, whether, when a policy of fire insurance contains a stipulation that the policy shall be void if the interest of the insured be other than "the unconditional and sole ownership of the property insured," and the plea avers a state of facts which, if true, shows that the interest of the insured was not truly stated in the policy, and that the interest of the insured was not that of "unconditional and sole ownership," a replication to such plea is good, which avers that the policy was procured from an agent of the defendant, authorized to issue policies of fire insurance, to whom the insured, at the time the policy was applied for and received, truly and fully stated their interest in the property to the agent, and that the agent, being fully informed, himself drew up the application for the insurance, received the

premium therefor, and with full knowledge of the facts, turned the policy over to plaintiffs. We have held that if the applicant make full and true answers to the questions contained in the application, and suppresses no material fact, which it is his duty to make known, the company will not be permitted to take advantage of the carelessness, inadvertence or misunderstanding of its agent, the insured being without fault.—*Ala. Gold Life Ins. Co. v. Garner*, 77 Ala. 210; *Williamson v. New Orleans Ins. Asso.*, 84 Ala. 106, 4 So. Rep. 36; *Pelican Ins. Co. v. Smith*, 92 Ala. 428, 9 So. Rep. 327; *Equitable Fire Ins. Co. v. Alexander*, (Miss.) 12 So. Rep. 25. Upon the same principle and for stronger reasons, the company cannot avoid its obligation if its own agent knowingly and intentionally writes down the answers differently from those made by the insured. We think the replication a full answer to the plea on this question.

The next proposition involves a question new in this State. Has a creditor an insurable interest in a building, the property of the estate of his deceased debtor, which may be subjected to his debt, the personal property being insufficient to pay the debts of the estate? After much deliberation our conclusion is that he has an interest which may be insured. We concede and affirm that a simple contract creditor, without a lien, either statutory or contract, without a *jus in re* or *jus ad rem*, owning a mere personal claim against his debtor, has not an interest in the property of his debtor. Such contracts are void as being against public policy. We do not think the principle applies after the death of the debtor, as to property liable for the debt and which, if destroyed, will result in the loss of the debt. The real estate as well as the personal property of a deceased debtor is liable for his debts, but the real estate can not be subjected to the payment of his debts until after the personalty has been exhausted. After the death of the debtor the debt is no longer enforceable *in personam*. The proceedings to reach the property of the estate of the deceased debtor are *in rem*. The property of the debtor takes the place of the debtor, and becomes, as it were, the debtor. Whoever knowingly receives the property of a deceased debtor and wrongfully converts it, is answerable to the creditor.—3 Brick. Dig., 464, § 14½; *Ib.*, 465, § 162.

The relation of creditor and debtor invests the creditor

with an insurable interest in the life of his debtor, to the extent of his debt.—*Alexander v. Sanders*, 93 Ala. 345, 9 So. Rep. 388 ; 11 Amer. & Eng. Encyc of Law, p. 319. It would seem upon like principles that when the property becomes directly subject to proceedings *in rem* for the satisfaction of the debt, the creditor should become invested with an insurable interest in the property. Certainly if a creditor can not obtain satisfaction of his debt from the personal property of his deceased debtor, and has a legal right, which can not be defeated, to enforce its collection by proceedings *in rem* against a building belonging to the estate of the deceased debtor, and if it be true that the destruction of the building by fire would immediately and necessarily result in pecuniary loss, the loss being the direct consequence of the fire, the creditor has an interest in the protection of the building. He has no lien as in the case of a mortgagee, nor such lien as the statute may confer on an attaching or execution creditor, but his right to subject the specific property to his debt, invests him with an interest but little less, if any, than that of the attaching or execution creditor or mortgagee. In the case of *Herkimer v. Rice*, 27 N. Y. 163, the question arose as to whether an administrator of an insolvent estate held an insurable interest in the real estate of the deceased debtor. The court (Denio, C. J., rendering the opinion) held that he did, and the conclusion was based in great part upon the proposition, that the creditors had such an interest, which the administrator could protect by insurance for them. We think whatever could be done by an administrator for the creditor in this respect, could be done directly by the creditor for himself.—*Rohrbach v. The German Fire Ins. Co.*, 62 N. Y. 47. Other reasons might be given, but we are of the opinion these are sufficient to show that the creditor of a deceased debtor, whose estate is insufficient to pay the debts, has an insurable interest in the property of the estate, which by law may be subjected by proceedings *in rem* to the payment of the debts. The recovery can not exceed the amount of the insurable interest.

The next question is, whether the pleadings show such an insurable interest. The pleas and the replication appear to have been drawn with technical caution, so far as the rights of Mattie Flinn, the creditor, are

affected. The plea shows that the building and lot, upon which it is located, belonged to the estate of Thos. Creed, deceased, and that neither of the assured are his legal heirs. Upon the death of Thos. Creed the land descended to his legal heirs. *Prima facie*, upon the facts of the plea, the insured owned no insurable interest. The replication avers that Katie Creed was the widow of Thos. Creed, and that he owned no other real estate, and this statement of facts is followed with the conclusion, that she owned a dower and homestead interest. Hers was clearly an insurable interest. Its value is a fact to be ascertained by proof. The replication then further averred that Mattie Flinn was a creditor of Thos. Creed, stating the amount of her claim, the insufficiency of personal assets to pay the debts, and that there was no other real property belonging to his estate. The interest shown by the plea to be in Katie Creed (dower and homestead) does not include the entire estate. Under the replication there is a remainder interest in the real estate, liable for the debts of the estate. The pleadings inform us that the lot and building were in the city of Montgomery. Whether it exceeded in value two thousand dollars, the constitutional limit of the value of the homestead exempt from debts during the life time of the widow, does not appear. We are not unmindful of the statutory provision by which under some circumstances the fee to the homestead may become vested in the widow and minor children or widow or minor child. The consideration of these questions does not rise upon the pleadings. The court erred in sustaining the demurrer to the replication. The proportionate interest of the insured is a matter of adjustment between themselves if both are entitled to recover.

Reversed and remanded.