### MODERN WOODMEN OF AMERICA v. HEAD. (6 Div. 612.)

(Supreme Court of Alabama.   Feb. 1, 1923.
Rehearing Denied May 10, 1923.)

1. **Evidence** 405(1) — **Testimony as to insured's answer to question as to occupation held not inadmissible as varying terms of written instrument.**

In an action on a beneficiary certificate, evidence that insured, in response to a question as to his occupation by the agent who filled out the application, stated that he was working at a coke plant, and said nothing about being a farmer, as stated in the application, *held* not inadmissible as varying or contradicting the terms of a written instrument.

2. **Insurance** 718 — **Presumption of knowledge of by-laws does not arise against applicant for membership.**

The presumption of knowledge of the by-laws of a fraternal beneficiary society does not arise against an applicant for membership; he being a stranger to the by-laws.

3. **Insurance** 724(2)—**Insurer estopped from asserting falsity of answer as to occupation, where agent writing application changed answer of applicant.**

An insurance agent writing "farmer" in the application as insured's occupation, notwithstanding the latter's statement that he was working at a coke plant, commits a fraud sufficient to estop the insurer from setting up the falsity of insured's answer to such question as a defense to an action on a beneficiary certificate.

4. **Insurance** 825(1) — **Whether insurer's agent wrote in answer different from that by insured to question as to occupation for jury.**

Whether an insurance agent writing out an application for a beneficiary certificate wrote in an answer different from that made by insured to a question as to the latter's occupation, so as to estop insurer from asserting the falsity of such answer as a defense to an action on the certificate, *held* for the jury.

5. **Appeal and error** 843(2)—**Whether insured's occupation increased risk not considered where insurer's agent wrote different occupation in application than that stated by insured.**

Whether insured's position as a switchman increased the risk of loss need not be considered on appeal from a judgment for plaintiff in an action on a benefit certificate issued on an application written by defendant's agent, who inserted the word "farmer" as insured's occupation, notwithstanding the latter's statement that he was employed at a coke plant.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Lula Head against the Modern Woodmen of America. Judgment for plaintiff, and defendant appeals. Affirmed.

The following are portions of the court's oral charge to which defendant excepted:

"If Eugene Head was free from any fault on his own part, if he was not guilty of any fraud or misrepresentation, or did not participate in any fraud or misrepresentation on the part of any one else to induce the Modern Woodmen of America to issue this contract, if that is a fact, his beneficiary would not be deprived of it."

"It must be a fraud or misrepresentation or a misstatement made by Head himself or participated or agreed to by Head himself. If Mr. Levine made it with his knowledge and consent, why, then, it would avoid the contract, but if he made a correct statement, if he stated that he was a switchman employed by the Tennessee, made a correct statement as to his occupation, and Mr. Levine wrote it down farmer, without telling him of that fact, or his reasons for making the change he had made, even though it may have been a fraud on the company which would avoid the company back up there in Illinois, it would not avoid it as to Mr. Head. The beneficiary could not be held responsible, could not be deprived of the benefits of the contract on account of fraud and misrepresentation of which he himself was not guilty, or in which he did not participate."

"If you are reasonably satisfied from the evidence that the policy was issued, a valid benefit certificate was issued, and the conditions thereon had been complied with, and that there was no fraud or misrepresentation or other act upon the part of Head which induced the company to issue it in violation of the real facts in the case, that he was not a party, even though it may have been practiced upon the company by some of its agents, then the plaintiff would be entitled to recover."

Truman Plantz, of Warsaw, Ill., George H. Davis, of Rock Island, Ill., and Wm. A. Jacobs, of Birmingham, for appellant.

By-laws of fraternal benefit societies, when duly enacted, are binding on all members or persons who seek to become members. Sov. Camp. v. Allen, 206 Ala. 41, 89 South. 58; Bacon on Ben. Soc. (3d Ed.) § 161; Fitzgerald v. Metropolitan Ass'n, 106 Iowa, 457, 76 N. W. 809; Covenant Mut. Life Association v. Kentner, 188 Ill. 431, 58 N. E. 966; Supreme Ruler, etc., v. Darwin, 201 Ala. 687, 79 South. 259. The answers in the application were warranted to be literally true, and, since they were untrue the certificate is void. Bacon on Life & Acc. Ins. (4th Ed.) § 245; 3 Cooley's Briefs on Law of Ins. 1950; Hunt v. Preferred Acc. Ins. Co., 172 Ala. 442, 55 South. 201; Ala. Gold Life Ins. Co. v. Johnston, 80 Ala. 467, 2 South. 125, 59 Am. Rep. 816; Mut. Life Ins. Co. v. Allen, 174 Ala. 511, 56 South. 568. The court will take judicial knowledge of the fact that the occupation of switchman, prohibitive under the by-laws of defendant, increases the risk of loss. Sov. Camp. v. Al-

len, supra. Contracts in writing, if unambiguous, speak for themselves, and cannot be altered by parol. Northern Assur. Co. v. Grand View Bldg. Ass'n, 183 U. S. 361, 22 Sup. Ct. 133, 46 L. Ed. 234. Whether the statements in the application were the same as made by assured to the agent, yet when he afterwards received the policy, with copy of the application attached, and failed to call attention to the false answers contained therein, he is held to have acquiesced therein; and he and his beneficiary were estopped to deny they were bound by such answers or statements. Metropolitan Life Ins. Co. v. Goodman, 10 Ala. App. 446, 65 South. 449; Ætna v. Moore, 231 U. S. 543, 34 Sup. Ct. 186, 58 L. Ed. 356; Swan v. Watertown Ins. Co., 96 Pa. 43; Amer. Ins. Co. v. Neiberger, 74 Mo. 173; Goddard v. Monitor Ins. Co., 108 Mass. 57, 11 Am. Rep. 307; N. Y. Life Ins. Co. v. Fletcher, 117 U. S. 534, 6 Sup. Ct. 837, 29 L. Ed. 939; M. W. of A. v. Angle, 127 Mo. App. 94, 104 S. W. 297; Iverson v. Mut. Life Ins. Co., 151 Cal. 746, 91 Pac. 609, 13 L. R. A. (N. S.) 866; Rinker v. Ætna, 214 Pa. 608, 64 Atl. 82, 112 Am. St. Rep. 773; Nat. Union v. Arnhorst, 74 Ill. App. 482; Richardson v. Maine Ins. Co., 46 Me. 394, 74 Am. Dec. 459; Curry v. Stone (Tex. Civ. App.) 92 S. W. 263. The by-laws of defendant prohibited a waiver thereof by any local officer or member, and, Head being charged with knowledge thereof, there was no waiver in this case. Acts 1911, p. 700, § 20; Sov. Camp. v. Allen, supra.

H. M. Abercrombie and Luther Patrick, both of Birmingham, and E. L. Hargrave, of Fairfield, for appellee.

An insurance agent, in making out an application, acts as agent for the insurer, and not for the insured; and the insurer cannot take advantage of false answers made by its agent. And this is true as to mutual and fraternal companies. 14 R. C. L. 1174; Creed v. Sun Fire Office, 101 Ala. 522, 14 South. 323, 23 L. R. A. 177, 46 Am. St. Rep. 134; 7 Cooley on Ins. § 2559; 6 Cooley, § 608; 1 Joyce (2d Ed.) §. 393; Sweeney v. Independent Order of Foresters (Sup.) 179 N. Y. Supp. 94; Quinn v. Metropolitan, 10 App. Div. 483, 41 N. Y. Supp. 1060.

GARDNER, J. One Eugene Head became a member of the Modern Woodmen of America, appellant, and was issued a benefit certificate, dated April 1, 1919, in the sum of $1,000, payable in case of his death to his mother, Lula Head, appellee here. Eugene Head died on November 27, 1919, and the beneficiary named in said certificate instituted this suit to recover the aforesaid sum.

The cause was tried upon the plea of general issue in short by consent with leave to give in evidence any matter by either party, which, if well pleaded, would be admissible in defense of the action or by way of reply thereto.

There was an agreement between counsel for the sake of brevity as to some of the evidence. This agreement discloses that defendant order is a fraternal beneficiary society, organized under the laws of Illinois and duly authorized to transact business in this state; that the contract which forms the basis of this suit was evidenced by the by-laws of the order, application of Head for membership, and the benefit certificate issued.

The application was in writing, dated March 20, 1919, for membership in the defendant society at Fairfield Camp, in Jefferson county. This application formed a basis for the issuance of the benefit certificate, and the defendant society, as such, issued the same relying upon the truth of the answers contained in the application. The by-laws of the order provided, in substance, that one engaged in the occupation of railroad switchman should not become a beneficial member of the society. There is another section of the by-laws providing there should be no waiver of the by-laws of the society by any member of the local camp or any other person unless presented in writing to the head clerk of the society. The application referred to the by-laws and stated that the applicant fully understood the same. Among other questions in the application was that relating to the business or occupation of the applicant, to which question the application shows as in answer "farmer" and the name of the employer as "self." It is further stated that the applicant had verified the answers and adopted them as his own, whether written by himself or not, and declared that they are full, complete, and literally true; that their literal truth shall be a condition precedent to any binding contract issued on the faith thereof. The benefit certificate issued contained many of the stipulations above mentioned.

It is without dispute that at the time of making this application for membership Eugene Head was employed by the Tennessee Coal & Iron Company as a switchman and brakeman, and was not engaged in the occupation of a farmer; that he continued to be employed as a switchman until his death, having been killed while in such employment as switchman. His application for membership was taken by one Levine, who was state deputy head consul for the defendant order in this state. There was evidence tending to show that Levine was general agent for the defendant in Alabama, being in charge of soliciting applications and obtaining new members for the society in this state. Levine testified that the insured, in answer to the question as to occupation, stated he was a farmer, and that the application therefore correctly represents the answer of the

insured. .Levine wrote the application him-self, filling out the blank spaces, but he did not ask him by whom he was employed, writ-ing the word "self" without further inquiry. Plaintiff in rebuttal offered the testimony of one Dixon who was consul of the local camp at Fairfield, and who testified that he was present at the time Levine wrote Head's application, and was an onlooker. He was allowed to state, over defendant's objection, that the insured's answer in response to the question as to occupation was that he was working at the coke plant of the Tennessee Company's by-product plant, and that he said nothing about being a farmer.

The purpose of this testimony was to show that the insured acted in good faith, giving answer as to the nature of his occupation, and that the defendant's general agent had falsely and fraudulently written the answer as "farmer," and thus gave foundation for the theory of estoppel as an answer to the defense.

[1] It is insisted that this evidence is in-admissible as contrary to the rule that parol testimony will not be admitted to vary or contradict the terms of a written instrument. Upon this question there is a contrariety of opinion. Many cases are reviewed in North-ern Assurance Co. v. Grand View Building Co., 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213, and numerous authorities cited in the note to Haapa v. Met. Life Ins. Co., 150 Mich. 467, 114 N. W. 380, 16 L. R. A. (N. S.) 1165, 121 Am. St. Rep. 627. The California court in Lyon v. United Moderns, 148 Cal. 470, 83 Pac. 804, 4 L. R. A. (N. S.) 247, 113 Am. St. Rep. 291, 7 Ann. Cas. 672, held such evidence admissible upon the theory that the insured had a right to show that the writing referred to in the application was procured under such circumstances by the company, through its agent, as to estop the company from using it in relying on its contents. Other author-ities, as shown by the note in 16 L. R. A. (N. S.) supra, place the holding upon a re-laxation of the parol evidence rule growing out of the peculiarity of insurance contracts. But a review of the numerous authorities, and the reasoning underlying the same, would serve no useful purpose at this time, as this court in Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 South. 46, held there was no er-ror in admitting such parol proof.

As previously stated, there was evidence from which the jury could infer that Levine was the general agent of the defendant in this state, and at the time was acting with-in the line and scope of his authority. It could have been further inferred from the foregoing proof that Levine falsely and fraudulently inserted the answer in the appli-cation without the knowledge or consent of the insured, and that the latter signed the application without notice of the fraud thus perpetrated upon the order. Levine himself

testified that he did not offer to read the same over to the insured before signing, and that the insured acted in entire good faith.

In 7 Cooley's Briefs on Ins. § 2555, is the following, which is supported by a long line of authorities:

"Where the insured has truthfully stated the facts relating to the risk, but his statements as written by the agent, through the mistake, negligence, or fraud of such agent, do not cor-respond to insured's statements, the insured is estopped to predicate misrepresentation or breach of warranty as ground of avoidance."

And in 6 Cooley's Briefs on Ins. § 608B, is the following language to like effect:

"An insurer is estopped to assert the inva-lidity of a policy when such invalidity is due to the fraudulent conduct of his own agent. * * * Though, of course, the rule will not be applied when there is a fraudulent collu-sion between the agent and the insured."

And in section 616 of this same volume there are cases cited to the effect that an ap-plicant for insurance is entitled to assume, in the absence of evidence, that the agent has prepared his application according to the agreement made between them, and that the company has written the policy in accord-ance with the application, and is not charge-able with negligence for failure to examine such instrument to discover errors and omis-sions. Counsel for appellant cite Rinker v. Ætna Life Ins. Co., 214 Pa. 608, 64 Atl. 82, 112 Am. St. Rep. 773, as opposed to this lat-ter view, but upon an examination it will be found as properly noted in the headnote that the point of decision was in fact as to the admissibility of certain evidence.

As opposed to the theory of estoppel we are cited by counsel to Ætna Life Ins. Co. v. Moore, 231 U. S. 543, 34 Sup. Ct. 186, 58 L. Ed. 356, but an examination of that author-ity discloses that it was dealing only with a question of waiver. This is likewise true as to the case of Iverson v. Met. Life Ins. Co., 151 Cal. 746, 91 Pac. 609, 13 L. R. A. (N. S.) 866, and the court in its opinion is careful to state that there was no question of fraud, deception, or misrepresentation practiced by the agent. Indeed, the case from the Su-preme Court of California of Lyon v. United Moderns, supra, gave full effect to the theory of estoppel here insisted upon.

In Modern Woodmen v. Angle, 127 Mo. App. 94, 104 S. W. 297, the theory of estop-pel seems to be recognized, and tends also to support the insistence of appellant that insured by retaining the certificate was es-topped to assert that he had no knowledge of the fraud. We cite as supporting the es-toppel theory the following additional au-thorities: Modern Woodmen of Am. v. Law-son, 110 Va. 81, 65 S. E. 509, 135 Am. St.

Rep. 927; Sternaman v. Met. Life Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625; Sweeney v. Ind. Order, etc. (Sup.) 179 N. Y. Supp. 94; Penn. v. Mut. Life Ins. Co., 10 App. Div. 483, 41 N. Y. Supp. 1060.

[2] But it is insisted that it was held by this court in Sovereign Camp, W. O. W., v. Allen, 206 Ala. 41, 89 South. 58, that in these fraternal benefit societies the insured is charged with a knowledge of its by-laws; but what was said in that case has reference to members of the society, and not to one who was merely an applicant, and therefore seeks only to become a member. Such an applicant, it has been well held, is a stranger to the by-laws, and the presumption of knowledge thereof would not arise against him until he became a member. Joyce on Ins. § 393; Modern Woodmen of Am. v. Lawson, supra, citing McCarty v. Piedmont Ins. Co., 81 S. C. 152, 62 S. E. 1, 18 L. R. A. (N. S.) 729. This court recognized and gave effect to the theory of estoppel as invoked in this case in Creed v. Sun Fire Office of London, 101 Ala. 522, 14 South. 323, 23 L. R. A. 177, 46 Am. St. Rep. 134.

[3] However, it is insisted that the evidence fails to show the insured stated in answer to the question that he was a switchman. He did state, however, according to plaintiff's proof, that he was in the employ and working for the Tennessee Coal, Iron & Railroad Company. He gave no false answer, but a truthful one, and it is well within the province of the jury to find that the insured acted in entire good faith, and a further inquiry would have disclosed the exact character of his work. The agent in writing "farmer" as an answer committed, according to plaintiff's theory of the case, a palpable fraud whereby the insured became a member of the order, and such a fraud, we are persuaded under the weight of authority, suffices to raise up an estoppel against the insurer so that the application of the insured cannot be lawfully used against him.

[4] Our conclusion therefore is that the court committed no error in the admission of the evidence or in refusing the affirmative charge for the defendant. The issue of fact as to the fraud was submitted to the jury, and the exceptions to the oral charge in this respect are without merit.

[5] Manifestly, under the view here prevailing, the ruling of the court upon the question asked the witness Levine as to whether or not the position of switchman increased the risk of loss needs no consideration, and in any event such ruling could not affect the result of this appeal.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.