142 So. 37

## AMERICAN EQUITABLE ASSUR. CO. v. POWDERLY COAL & LUMBER CO.

### 6 Div. 919.

Supreme Court of Alabama.

April 28, 1932.

Rehearing Denied June 11, 1932.

Coleman, Coleman, Spain & Stewart, of Birmingham, and Huey, Welch & Stone, of Bessemer, for appellant.

O. S. Finch and Jim Gibson, both of Birmingham, for appellee.

judgment was reversed upon the sole ground of a fatal variance in the pleadings and proof. But, in view of another trial, the court considered it proper to make some general observations, confessedly by way of dicta, concerning some of the important features of the case.

■ Count F, upon which the trial was had, conforms to the views therein expressed, and is sufficient. American Assr. Co. v. Powderly Coal & Lbr. Co., supra; National Fire Ins. Co. v. Tenn. Land Co. (Ala. Sup.) 139 So. 227; [1] American Ins. Co. v. Inzer, 216 Ala. 553, 114 So. 187; Modern Woodmen of Am. v. Head, 209 Ala. 420, 96 So. 219. The argument that it fails to sufficiently allege an insurable interest in plaintiff overlooks the fact that the averments in substance embrace the language of our Code form (section 9531, form 13) which has been held as the equivalent, prima facie, of an averment that the assured owned an insurable interest in the property. Commercial Fire Ins. Co. v. Capital City Ins. Co., 81 Ala. 320, 8 So. 222; Alabama Gold Life Ins. Co. v. Mobile Mut. Ins. Co., 81 Ala. 329, 1 So. 561; Caledonian Ins. Co. v. Jones, 214 Ala. 520, 108 So. 331.

But, in an effort to make suggestions that might be of service upon a retrial of the cause, the author of the opinion on former appeal (who is also the writer here) fell into an error in some general observations as to the insurable interest of Mrs. Bailey, the widow of deceased, and thereby somewhat misled the learned trial judge as well as counsel for the parties. Doubtless the writer should confess that such observations, not being necessary to a decision of the cause on appeal, were based upon too much surface consideration, and that Dryden's familiar lines:

"Errors, like straws, upon the surface flow;
"He who would search for pearls, must dive
　　below,"

—find some application here, and appear to have been written as if with prophetic vision to this erroneous dictum, based as it was upon cursory examination, for all of which due apology is tendered. But the writer finds comfort (aside from the truism that "to err is human") from the fact that he rested largely upon the dictum in the opinion of Newberry's Case, 215 Ala. 587, 112 So. 195, relating to the matter of estoppel wherein was cited Light v. Countrymen's Mut. Fire Ins. Co., 169 Pa. 310, 32 A. 439, 47 Am. St. Rep. 904, and construed such dictum to mean that the estoppel could be rested merely upon some sort of an interest short of an insurable interest, sufficient to relieve the contract from a merely gambling element.

**GARDNER, J.**

Upon former consideration of this cause (American Eq. Assr. Co. v. Powderly Coal & Lbr. Co., 221 Ala. 280, 128 So. 225), the

---

[1] 224 Ala. 113.

But in supplemental brief astute counsel differentiate the Light Case, supra, upon the theory that there the policy was valid when issued, and that at that time there existed an insurable interest. The point of differentiation is well taken.

The further argument that, unless there is an insurable interest, the contract is void on account of public policy, and that vitality cannot be injected into an illegal transaction by way of estoppel (Ellis v. Batson, 177 Ala. 313, 58 So. 193; Birmingham Water Works v. Brown, 191 Ala. 457, 67 So. 613, L. R. A. 1915D, 1086), is also well grounded. The assumption, therefore, in the former opinion that an estoppel need not have for its foundation an insurable interest was incorrect.

We are persuaded, however, upon more mature consideration of the question, that both the insured and the widow, Mrs. Bailey, at whose instance the property was being remodeled, had an insurable interest.

In the early history of insurance, there was a tendency to require title and ownership as a basis of insurable interest, but later decisions have adopted a more liberal doctrine, and it is not now essential to an insurable interest that one should have a property in the thing insured, or an estate, legal or equitable; the term "insurable interest" being more extensive than property or estate. Any qualified or limited interest in the subject of insurance is sufficient, and an equitable interest is sufficient to support an insurable interest. It has likewise been held that any reasonable expectation of legitimate profit or advantage to spring from property is sufficient to give an insurable interest. 1 Cooley's Briefs on Ins. pp. 204–217. Our cases are in accord with the modern doctrine (Commercial Fire Ins. Co. v. Capital City Ins. Co., 81 Ala. 320, 8 So. 222; Planters' & Merchants' Ins. Co. v. Thurston, 93 Ala. 255, 9 So. 268), supported as it is by the reason of the rule of public policy requiring an insurable interest as to eliminate any gambling element.

The house destroyed was the property of the estate of J. A. Bailey, deceased, of which his widow had been appointed administratrix, but no further steps taken in the administration than her appointment. It was not the homestead, and was subject to the widow's dower. The argument for appellant that such dower right cannot be deemed an insurable interest is based upon those authorities (Francis v. Sandlin, 150 Ala. 583, 43 So. 829; Chavers v. Mayo, 202 Ala. 128, 79 So. 594), holding to the effect that prior to assignment dower is a mere chose in action, and not an interest or estate in realty. But, as previously noted, a right of property is not an essential ingredient of an insurable interest, but any limited or qualified interest, equitable right, or expectancy of advantage will suffice. To state it differently, whatever furnishes a reasonable expectation of pecuniary benefit from the continued existence of the subject of insurance is a valid insurable interest. 1 Cooley's Briefs on Insurance, p. 213.

In Reeves v. Brooks, 80 Ala. 26, the widow's dower right is denominated an equitable interest, the assignment of which for a valuable consideration creates a substantive right of property, which a court of equity will under proper circumstances protect—a principle recognized and reaffirmed in Long v. Long, 195 Ala. 560, 70 So. 733. See, also, Upshaw v. Upshaw, 180 Ala. 204, 60 So. 804.

There are several authorities holding such dower right constitutes an insurable interest. 26 Corpus Juris, 36; 1 Cooley's Briefs on Insurance, p. 229. We think they are in accord with the approved definitions of insurable interest and based upon sound reasoning.

We therefore conclude that the widow's dower right in the property sufficed as an insurable interest. The dictum to the contrary in the opinion on former appeal is disapproved. The widow, duly appointed administratrix, had for some time been in possession of the property and renting out the same. Gerald v. Bunkley, 17 Ala. 170.

There are authorities to the effect that an administrator, under such circumstances, has an insurable interest. 1 Cooley's Briefs on Insurance, p. 223; 26 Corpus Juris, 35. It is unnecessary, however, that this question be determined, and we leave it to one side and without decision.

As was said on former appeal, plaintiff's right bore relation to the contractor Swinney, and, so far as insurable interest is concerned, may be said to stand in his stead. The contract for remodeling the house was what Mrs. Bailey called a "lock and key job," the contractor to receive no compensation until the completion and acceptance of the job by her. "It seems to be established that contractors, builders, and the like, independently of any statutory lien, have insurable interests in the buildings to whose construction they furnish labor, skill, or material, when they are to receive payment in installments or only upon completion of the work." 26 Corpus Juris, 28, citing among a number of authorities of other jurisdictions the cases from this court of Planters' etc., Ins. Co. v. Thurston and Commercial Fire Ins. Co. v. Capital City Ins. Co., supra. Plaintiff, therefore, had an insurable interest. Hanover Fire Ins. Co. v. Bohn, 48 Neb. 743, 67 N. W. 774, 58 Am. St. Rep. 719. We may add the recent case of National Fire Ins. Co. v. Kinney et al., 224 Ala. 586, 141 So. 350, which is here much in point.

The evidence for the plaintiff tended to show that it made application to defendant's general agent for insurance to cover its interest in this property which as a contractor it was advancing in labor and material under agreement with the widow of deceased, who was also the administratrix of the estate, and that such agent had knowledge of the state of the title, having had an abstract of the title in his hands some few days before the issuance of the policy, and that the policy sued upon (for which the premium was duly paid) was delivered to it presumably in compliance with such understanding.

Much of appellant's argument and many of the pleas leave out of consideration the fact that this was a contract for protection of plaintiff's interest, and wholly independent of any one else. Under such proof plaintiff was authorized to assume the policy delivered was in accordance with such agreement and is guilty of no negligence in failing to examine the policy. Modern Woodmen of Am. v. Head, supra; Amer. Ins. Co. v. Inzer, supra.

The following observations of this court in Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881, 884, are likewise applicable here in answer to some of the argument for appellant: "Now if the insurer be truly informed of the nature of the title of the insured and enters into a contract of insurance as for an absolute title, receiving full premium for the entire value of the property, he cannot deny liability nor even reduce the recovery on account of such partial interest. In one of the cases it is said that: 'If, having such knowledge or notice (that is, of the fact that insured had only a partial interest), he (that is, the insurance agent) placed the insurance as upon an absolute title, and he demanded and received the amount of premium which would be due and demandable for insurance of the entire ownership of the property, both reason and authority demand that the loss shall be compensated, as if the assured had held a title in fee.' Western Assurance Co. v. Stoddard, 88 Ala. 606, 7 So. 379, 380; 26 Corpus Juris, 358, § 459."

Under the circumstances disclosed by plaintiff's proof, the insurance was "a personal indemnity to the insured" (Bell v. Barefield, 219 Ala. 319, 122 So. 318, 319), and the policy is to be treated as if made payable directly to plaintiff and in due form (14 R. C. L. p. 1428). Under such proof the company was not attempting to insure a fee-simple interest in the property, but only plaintiff's interest therein as a contractor, and provisions in the policy voiding same, unless insured was unconditional owner, are to be construed as meaning only that the interest of plaintiff which it insures was an unconditional interest, and not contingent or speculative. Hanover Fire Ins. Co. v. Bohn,

48 Neb. 743, 67 N. W. 774, 58 Am. St. Rep. 719.

Nor do we think plaintiff is a simple contract creditor within the meaning of the language of the opinion in Creed v. Sun Fire Office, 101 Ala. 522, 14 So. 323, 23 L. R. A. 177, 46 Am. St. Rep. 134, so as to deprive it of an insurable interest, and, indeed, in the Creed Case the insured creditor had no lien of any character upon the property; nor do we consider that plaintiff's insurable interest was dependent upon any lien enforcement. Plaintiff's proof as to the application for insurance, and the statement of its interest to the general agent, for the protection of which the policy was sought, in no manner contravenes section 8371, Code 1923, for, as said in Great Amer. Ins. Co. v. Dover, 221 Ala. 612, 130 So. 335, the law of waiver and estoppel as respects insurers cannot be abolished by contract. See, also, Creed v. Sun Fire Office, supra; Modern Woodmen of Am. v. Head, supra; Amer. Ins. Co. v. Inzer, supra.

Under plaintiff's proof, the contract was for the protection of its interest only, as understood by the general agent of defendant, and the understanding was that the policy should be written to that end. The policy was intended for plaintiff's full protection, and was separate and distinct from any insurance of Mrs. Bailey and had no connection therewith. We see no reason why the interest protected, therefore, should not cover the reasonable value of the material and labor expended on the job, just as was held by this court in Planters' & Merchants' Ins. Co. v. Thurston, 93 Ala. 255, 9 So. 268, that the money and labor expended by the contractor on the job of moving a house, and the profit he would realize on its completion, made up the sum of the loss suffered in its destruction. See, also, National Fire Ins. Co. v. Kinney et al., supra, and Eddy v. L. A. Corporation, 143 N. Y. 311, 38 N. E. 307, 25 L. R. A. 686.

The case of Sammons v. Amer. Fire Ins. Co., 94 S. C. 366, 77 S. E. 1108, Ann. Cas. 1915B, page 1095, cited by appellant, is distinguishable from the instant case, and it is noted that the insurance company in that case paid the full amount of insurance into court; the litigated issue being between the contractor and the owner. And any provision for apportionment of loss or additional insurance would not be applicable (Insurance Co. v. Scammon, 144 Ill. 500, 28 N. E. 919, 32 N. E. 914, 19 L. R. A. 114; Hastings v. Westchester Ins. Co., 73 N. Y. 141; Hartford Fire Ins. Co. v. Olcott, 97 Ill. 439), under plaintiff's proof that the general agent was informed at the time that Mrs. Bailey also carried insurance on the property and assured plaintiff that such fact would in no wise affect its insurance.

214

Having determined, therefore, that an insurable interest has been shown, the case is brought within a narrow compass, and for the jury's determination there was left the issue of fact as to whether or not the application was made by plaintiff for the insurance as testified to by its agent, and with the full understanding on the part of the general agent of all material facts and circumstances. This issue was squarely presented to the jury in the oral charge and the verdict responded thereto. These observations are likewise applicable to the question of proof of loss (Nat. Fire Ins. Co. v. Tenn. Land Co., 224 Ala. 113, 139 So. 227) as well as any question of fraudulent misrepresentation on plaintiff's part.

The assignments of error are numerous (147), and the pleadings rather extensive. To separately consider each assignment would extend this opinion to undue length. The most controlling point as to the insurable interest of plaintiff having been determined, many of these questions are eliminated. We have treated them in a general way, but it will be found that the questions here decided sufficiently embrace all meritorious questions, and that the rulings of the court were either free from error, or, if erroneous from a strict legal standpoint, were, under the conclusions now announced, rendered harmless.

We are therefore of the conclusion that no error to reverse is here apparent, and that the judgment should accordingly be here affirmed.

Affirmed.

All the Justices concur.