160 So. 106

## COMMERCIAL CASUALTY INS. CO. v. HUDGENS.

### 6 Div. 618.

Supreme Court of Alabama.

Feb. 28, 1935.

Rehearing Denied March 28, 1935.

London, Yancey, Smith & Windham, of Birmingham, for appellant.

Jim Gibson, of Birmingham, for appellee.

BROWN, Justice.

This is an action of assumpsit for the breach of a condition of a policy of insurance, assuring the plaintiff in the sum of $2,-000 "against the effects resulting directly and exclusively of all other causes, from bodily injury sustained during the life of this policy solely through external, violent and accidental means (suicide, sane or insane, not included), said bodily injury so sustained being hereinafter referred to as 'such injury' as follows:  *  *  *  If any one of the following specific losses shall result solely from such injury within ninety days from the time of the accident, the company will pay  *  *  * for the loss of either foot one-half the principal sum." The insurer also engaged to pay surgeon's fee of $50 for the amputation of a foot, leg, hand, or arm.

The evidence is without dispute that the plaintiff, while the policy was in force, suffered an injury to his right leg in an automobile accident, necessitating the amputation of his right foot and a portion of his right leg, between the knee and the ankle.

The appellant's first and major contention is, that the evidence proves without dispute the averments of one or more of its special pleas 2, 3, and 9, and was therefore entitled to have a directed verdict in its favor, through its requested affirmative charges in writing.

The material averments of plea 2, pertinent to the question presented, are: " * * * That when the policy of insurance sued on was delivered to the plaintiff he was not free from all injury, *but by reason of a prior accident he had a stiff ankle on the right leg and the said leg and ankle were deformed and there was a general atrophy of the muscles of the said right leg and a stiffness of the right ankle and a shortening of the right leg by, to-wit, one inch, and the leg pained him and 'gave out' when he stood on it any considerable time, and that there was a disability in the use of the said right leg of, to-wit, fifty per cent. And the defendant further avers that in the said written application, made a part of the said policy of insurance in the manner heretofore named, the plaintiff stated in effect that he had suffered a broken leg on October 1, 1928, lasting eight months—complete recovery. And the defendant avers that there had not been a complete recovery from the said injury in the respects hereinabove set forth. The defendant further avers that the statement by the plaintiff that there had been a complete recovery was made either with the actual intent to deceive and that the said statement did in fact deceive the defendant and caused it to issue the said policy which it would not have issued if it had known the facts, or that the said statement hereinabove set forth that there had been a complete recovery was untrue in the particulars hereinabove averred, that it was material to the risk and increased the risk of loss, and that the defendant relied thereon and would not have issued the said policy of insurance if it had known the facts.*" (Italics supplied.)

The averments of plea 3 are the same in substance as plea 2, except this plea alleges that the false statement was made a negative answer to an interrogatory in the application as to whether or not plaintiff had· "any infirmity, deformity or disease."

Plea 9 is in substance the same as plea 2, except it related to an affirmative answer to interrogatory 13 in the application, "Are your habits of life correct and temperate and are you in sound condition mentally and physically?"

The evidence offered by defendant, as to the alleged fraud, relates to the averments of plea 2 italicized common to the other pleas.

It appears from the application, attached to and made a part of the policy, plaintiff was asked:

"Have you been disabled by either accident or illness, or received medical or surgical attention during the last five years? A. Yes.

"Q. If so, when, for what and duration? (state month and year). A. In Oct. 1, 1928 (state cause of disability) for broken leg (state duration) lasting 8 months. Complete Recovery."

Appellant's contention is, that the *statement above*, that the disability continued for only eight months and plaintiff had complete recovery, was false, in that plaintiff had sustained a 50 per cent. disability to his right leg as the result of the previous injury thereto. At best, the evidence on this question was in sharp conflict; that offered by the defendant tending to sustain its contention, while that offered by the plaintiff tended to show that he had a complete recovery, with a slight shortening of the right leg; and that he was able, notwithstanding said previous injury, to work seven days per week, in carrying on his work as a railroad employee. His evidence was corroborated by the surgeon who operated for the first injury.

There is another phase of the testimony that necessitated the submission to the jury. Plaintiff's testimony went to show that the application was filled out by the defendant's agent; that plaintiff made truthful answers which were not incorporated in the application, and thereafter he, plaintiff, called on the agent who had issued and countersigned the policy, and had corrections made; that the agent who solicited the application had personal knowledge of plaintiff's previous injury and was personally acquainted with plaintiff, his condition, and work. In this respect, the plaintiff was corroborated, in some respects, both by the soliciting agent and the general agent of the defendant who issued and countersigned such policies.

■ If, as some of the evidence tended to show, the policy was issued in consequence of the dereliction of the soliciting agent, without the connivance of the insured, such dereliction cannot be availed of as a defense in a suit on the policy. National Life & Accident. Ins. Co. v. Baker, 226 Ala. 501, 147. So. 427; American Life Ins. Co. v. Buntyn, 227 Ala. 32, 148 So. 617; First Nat. Life Ins. Co. of America v. Rector, 225 Ala. 116, 142 So. 392.

On the whole, the issue, under the evidence, was for the jury.

When the whole evidence is viewed, for the reasons above stated, it cannot be affirmed that the verdict of the jury was contrary to the great preponderance of the evidence. Therefore the motion for a new trial was properly overruled. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

The court did not err in sustaining the plaintiff's objection to the question put to the witness McPheron by the defendant. If it be conceded that the rule of evidence announced in Penn Mut. Life Ins. Co. v. Mechanics' Savings Bank & Trust Co. (C. C. A.) 72 F. 413, 38 L. R. A. 33 (seventh headnote) is sound, the question did not call for knowledge of the "usage of insurance companies generally," but for knowledge of "the *rules and practices* of the several companies operating in the United States." (Italics supplied.)

Moreover, the language of the question is involved and not clear of meaning.

In Globe & Rutgers Fire Ins. Co. v. Jones, 213 Ala. 656, 106 So. 172, the action was on a fire insurance policy and the pleas set up a violation of the contract by plaintiff in that without notice to defendant, he procured additional insurance, and the replications to the plea alleged that within a reasonable time before the loss, he—plaintiff—notified the defendant in writing that he had procured such additional insurance, and it failed to cancel the insurance. In such circumstances, if after notice the company failed, within a reasonable time, to act, the insured had the right to rely on a waiver of the forfeiture.

Here, the pleas allege fraud in procuring the issuance of the policy, and a subsequent acknowledgment of the fraud by notice thereof to the insurer imposed no duty on the insurer to act; nor could such notice be made the basis of an estoppel to plead the fraud.

The grounds of demurrer, here insisted upon, do not reach the defect in plaintiff's replication 5, to pleas 6, 7, and 8. Grounds 1, 16, 17, and 18 are general demurrers, and 6, 28, and 29 do not point out its defects, and the court will not be put in error for overruling the demurrer. "No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer." Code 1923, § 9479; Commercial Credit Co. v. Ward & Son Auto Co., 215 Ala. 34, 109 So. 574; Illinois Cent. R. Co. v. Johnston, 205 Ala. 1, 87 So. 866; Hayes v. Betts, 227 Ala. 630, 151 So. 692.

The defendant's objections to the questions put to plaintiff, the predicate for assignments of error 19 and 20, were properly overruled. Modern Woodmen of America v. Head, 209 Ala. 420, 96 So. 219; American Equitable Assur. Co. v. Powderly Coal & Lumber Co., 225 Ala. 208, 142 So. 37.

This disposes of all questions insisted upon in argument and brief.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.