## BURNETT & MARTIN *vs.* EUFAULA HOME INSU-
RANCE COMPANY.

[ ACTION ON FIRE POLICY OF INSURANCE. ]

1. *Insurance, policy of, issued to partnership; what not vitiated by.*—A policy of insurance on a stock of goods, issued to a partnership, is not vitiated by a transfer by one partner of all his interest to his copartners, notwithstanding a provision in the contract that the policy shall be void if the property should "be sold or conveyed, or the interest of the parties therein changed."

2. *Same; conditions for disabilities in, how construed.*—Conditions for disabilities and forfeitures, where the intent is doubtful, are to be construed against those for whose benefit they were imposed.

APPEAL from Circuit Court of Barbour.
Tried before Hon. J. McCALEB WILEY,

IT appeared from the complaint, that the plaintiffs, Burnett & Martin, as partners, were seeking to recover damages upon a policy of insurance issued by the defendant to Burnett, Martin & Swan, on their stock of goods and merchandise. It was averred that prior to the loss, Swan retired from the firm, and sold all of his interest to his said copartners. The policy, which was set out in the complaint, amongst other restrictions of liability, contained the following provision : " Provided further, if the said property shall be sold or conveyed, or the interest of the parties therein changed, or, if this policy shall be assigned without the consent of the company obtained in writing hereon, then, and in every such case, this policy shall be null and void." A demurrer to the complaint, on the ground that the transfer by Swan of his interest to his copartners was such a sale or conveyance, or change of the interest of the parties, as vitiates the contract, was sustained. The plaintiffs appeal from a judgment of nonsuit which they were compelled to take on account of this ruling.

PUGH, AND GOLDTHWAITE, RICE & SEMPLE, for appellants. Does the condition in this policy cover the sale by Swan to his copartners, (the appellants,) recited in the record?

The plain sense of the contract of insurance, the manifest logic of the law, and the highest authority, establish the proposition that such a change of interest is not prohibited by the terms of the policy.— *Wilson v. Genesee Mut. Ins. Co.*, 16 Barb. 511 ; *Hoffman & Place v. Ætna Fire Ins. Co.* These two cases are unanswerable in reason and sound policy.

There is a marked difference between a policy covering merchandise and policies covering other property. There is a case in 40 Pennsylvania, (*West Br. Ins. Co. v. Helfenstein*, p. 289,) which recognizes this distinction. See head-note in Digest of Decisions on Insurance, p. 70, § 53.

One of the cases relied on by appellee is from Pennsylvania, and it is on insurance of *houses* which belonged to joint owners, and this case is expressly excepted in the case in 40 Pennsylvania, because of the difference stated between *mercantile* and other policies.

All the cases which deny the right of one partner to sell to another are founded in ignorance of the true nature of partnerships, as ably expounded in Parsons on Partnership, 1 vol., pp. 2, 171. He assimilates a partnership to a corporation, and calls it a "mercantile personality," the *identity* of which is not disturbed by the retiring of one partner, or the sale by one partner to another. Parsons demonstrates the soundness of the New York decisions we have cited.

What mischiefs were the words "change of interest therein" intended to remedy? It is said that they were intended to prohibit the mischief or hazard of allowing one partner to sell to another, or increase the amount of his interest; that the company trusted one of many partners on account of his prudence, habits, &c., against the others, who might be rash, unsafe, &c., and that if these be not the mischiefs guarded against, the words have no meaning, no field to act in, &c. If change of interest by sale of the *safe* partner's share produces this mischief, the

the death of the prudent partner would produce the same effect; and so would his *involuntary* bankruptcy, as in each event a change of interest would take place.

The prohibition in the policy against sales or "any change in the interest of the parties," is aimed at any change that introduces a *stranger*, and not a change that the *parties insured* make by sales or contracts among themselves. If the prohibition forbids a sale by one to another partner because it is a change of interest, then an involuntary bankruptcy, which introduces the assignee, would avoid a policy; or a partner who owned a fourth could not increase it to a third, without vacating the policy; or if one partner died, the same result would follow.

All the decisions cited against the right of one partner to sell to another, are based on its being an increase of the *hazard*, and not on any peculiar wording of the policy. If the policy in the present case had only used the words "sell or convey," the same decisions would have been made; so that the addition of the words "change of interest therein," in the policy sued on in this case, can claim no more support from those northwestern decisions than if such words had never been added.

F. M. WOOD, for the appellee, cited the following authorities in support of the oral argument made at the bar: *Keeler v. Niagara Ins. Co.*, 16 Wis. 523; *Barnes v. Union Fire Ins. Co.*, 51 Maine, 110; *Findley v. Lycoming Ins. Co.*, 30 Penn. 311; *Hartford Ins. Co. v. Ross*, 23 Ind. 179; *Buckley v. Garrett*, 47 Penn. 204. He contended these cases are directly in point, and that the decisions are conclusive in favor of the appellee.

B. F. SAFFOLD, J.—The field of inquiry is much narrowed by the definite settlement, long since, of some material propositions independent of the special contract of these parties. Policies of insurance, except marine, are not in their nature assignable; nor is the interest in them ever intended to be transferable from one to another, without the express consent of the office.—3 Brown's Parl.

Cases, 497. It is necessary the party insured should have an interest or property at the time of insuring, and at the time the fire happens.—*Saddler's Co. v. Babcock et al.,* 2 Atkyns, 554; Angell on Fire and Life Ins. §§ 55, 193.

The principle sustaining these adjudications is, that there is a purely personal contract by which the insurer undertakes a conditional indemnity of the insured alone, dependent upon certain duties to be performed by him into which enter his personal character and fitness. The property insured does not draw with it the contract, because its probable destruction is the foundation of the agreement. The essence of the contract is taken away by the transfer of the proprietary interests to others not parties to it.

It is manifest, however, that some limitation must be imposed on the restriction respecting the change of interest of the parties. Of all the ways by which some change of interest might be effected without the consent or fault of the partners, or a majority of them, some one might almost surely be expected to intervene. By the death of his partners the sole survivor would become the legal, and, in some cases, the equitable owner of all the assets. By the voluntary assignment by one partner of all his right, title and interest in the partnership property, the interests would be materially changed. If such occurrences were intended to work an entire forfeiture of the policy, the contract would be a mere wager, with all the chances on one side.

Inasmuch as the words of this restriction can not be used in their enlarged sense, and their import is doubtful, their construction must incline against those for whose benefit the restriction was imposed. The interest of each partner in the goods was *per my et per tout.* The confidence reposed in them was testified only by the issue of the policy, and consequently was equal in each. The commingling of such an interest with such a confidence ought, by the rule above stated, to determine the construction in favor of the plaintiffs. Does this restriction, then, mean nothing? I do not know what the parties intended by it.

It is evident that the plaintiffs did not understand it in the same sense as the defendants. As it is susceptible of a meaning more extensive than was contemplated by either, it must be restrained to a reasonable significance consistent with the rights of the promisees.—*Hoffman v. Ætna Ins. Co.*, 32 N. Y. 405; *Wilson v. Genesee Mut. Ins. Co.*, 16 Barb. 511. The authorities referred to are directly in point on the facts of this case as averred in the complaint. The demurrer ought to have been overruled.

The judgment is reversed and the cause remanded.