(89 South. 76)

**ROYAL EXCH. ASSUR. OF LONDON, ENG., v. ALMON. (8 Div. 256.)**

(Supreme Court of Alabama. April 7, 1921. Rehearing Denied May 12, 1921.)

1. Insurance ⬭640(4)—Plea not showing express contract for forfeiture for not giving written notice in 60 days held defective.

In an action on a fire insurance policy, a plea failing to aver an express contract of forfeiture in the policy for failing to give written notice of loss within 60 days after its occurrence is defective in view of Code 1907, § 5330.

2. Insurance ⬭282(5) — Where wife holds legal title to barn insurance should be in her name.

Where the legal title to a barn and the ground on which it was erected was in plaintiff's wife under Const. 1901, § 209, it was her separate property, and not liable for his

debts or obligations, and should be insured in her name, under Code 1907, §§ 4493, 4494.

**3. Insurance ⊙115(7) — Allegation of husband's possession of barn belonging to wife without showing of right to possession and use does not show his insurable interest.**

Where the barn destroyed by fire was insured in the name of plaintiff husband, but owned by the wife, an allegation of the husband's possession without any showing of right of possession and use of the barn does not show an insurable interest in him, in view of Code 1907, § 4544, defining contract of insurance.

**4. Insurance ⊙115(7) — Tenant's insurable interest in barn is to value of leasehold therein only.**

Where plaintiff's wife owned the barn insured and the ground on which it was erected, and plaintiff was a tenant of the land and barn, the consideration being that he was to pay the purchase-money debt due by his wife thereon, he had an insurable interest in the barn to the value of his leasehold therein, but not in the value of the barn.

**5. Insurance ⊙377(1)—Insured's lack of fee waived only where his exact insurable interest was known to insurer's agent.**

To make an insurance policy on a barn binding through a waiver of insured's not owning the fee, it must appear that insurer's agent knew before the policy was issued that the insured owned only a leasehold interest, and knew just what his insurable interest was.

**6. Insurance ⊙664—Conversation between insured and insurer's agent held admissible to show whether agent knew insured's exact interest.**

In an action on a fire insurance policy covering a barn, where plaintiff's wife held the legal title subject to a mortgage which plaintiff had agreed to pay in consideration of his tenancy, evidence of a conversation between the plaintiff and the insurer's agent regarding the ownership of the barn and its contents was properly admitted to show whether the policy was issued with or without the agent's knowledge of plaintiff's exact interest.

**7. Insurance ⊙598 — 25 per cent. penalty against fire insurance company does not bear interest.**

The penalty of 25 per cent. allowed under Code 1907, §§ 4594, 4595, as amended by Acts 1911, p. 316, against insurance companies, to be assessed by the jury, whether claimed in the complaint or not, does not bear interest.

**8. Insurance ⊙668(1)—Where the evidence was conflicting, a jury question as to recovery of penalty against insurer was presented.**

Where the evidence was conflicting, the court properly let the jury decide whether the penalty provided by Code 1907, §§ 4594, 4595, as amended by Acts 1911, p. 316, against insurance companies should be added in the event of insured's recovery.

**9. Trial ⊙143—Case is for jury where evidence is conflicting.**

Where testimony was in conflict on all material issues, the court properly rejected affirmative charges, and submitted the cause to the jury.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by John Almon against the Royal Exchange Assurance of London, England, on a fire insurance policy. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint was in the form prescribed by the Code. Pleas 1 and 2 were the general issue. Pleas 3 and 4 were non est factum. Plea 5 set up the conditions that the entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership; that the agreement alluded to was not indorsed upon said policy of insurance or added thereto, and that the interest of the insured, the plaintiff, in and to the property insured, was at the time of the issuance of the policy other than unconditional and sole ownership. Plea 6 sets up the same provision, and alleges that the property insured was at the time of the issuance of said policy in part a building on the ground not owned by the insured in fee simple, and the other property burned was situated in this building, and also set up that the agreement referred to was never entered into or indorsed or written on policy. Plea 7 is the same with reference to the barn that was burned alleging that the same was insured separately and divisibly. Plea 8 is practically the same as plea 7. Plea 9 sets up the provisions of policy that if fire occur insured shall within 60 days after the fire, unless such time is extended in writing by the company, signed and sworn to by said insured, stating, etc., and a copy of all the descriptions and schedules of all policies, and defendant avers that plaintiff had not furnished such statement, together with a copy of all the descriptions and schedules in all policies, and the time had not been extended in writing by this defendant so to do. Plea 10 sets up as a part and policy of the insurance the following conditions: "The entire policy shall be void if the interest of the insured in the property be not truly stated"— and avers that the policy contains this statement, that the insured owned the property covered by the policy of insurance, and that the fact is that, when the policy was issued and the fire occurred, the insured was not the owner of the property. Plea 12:

In so far as the complainant seeks to recover judgment of the value of his barn, defendant says said barn was insured separately, and the contract for insurance was divisible, and the defendant avers that plaintiff at the time of the issuance of the policy and at the time of the fire did not own nor did he have an insurable interest in said barn, and all the property rights

---

⊙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

therein were in another person, who was not a party to the contract of insurance.

The replications sufficiently appear from the opinion.

S. A. Lynne, of Decatur, for appellant.

For former appeal, see 202 Ala. 374, 80 South. 456. Plea 9 was good. 142 Ala. 650, 39 South. 204. It is against public policy to permit the issuance of policies of insurance to persons having no insurable interest. 72 U. S. (5 Wall.) 509, 18 L. Ed. 524; 46 Ala. 14, 7 Am. Rep. 581; 76 Ala. 183, 52 Am. Rep. 316. The bond was the separate property of the wife. Section 209, Const. 1901; chapter 95, Code 1907; 38 Mich. 548, 31 Am. Rep. 326; 81 Me. 373, 17 Atl. 303; 2 Ind. T. 625; 53 S. W. 442; 12 S. W. 498. When the plaintiff accepted the contract as written, it became the sole and only contract between him and the company. Wyatt had no authority to waive these conditions. 134 N. Y. 197, 32 N. E. 31. Plaintiff was not entitled to recover the penalty. 203 Ala. 551, 84 South. 763. Insurance agents had no authority to issue the policy in that community. 130 Ala. 232, 30 South. 614, 55 L. R. A. 547; 89 Am. St. Rep. 30. The defendant was entitled to the affirmative charge. 202 Ala. 374, 80 South. 456; 84 Neb. 482, 121 N. W. 447, 23 L. R. A. (N. S.) 310.

Callahan & Harris, of Decatur, for appellee.

Wyatt & Sons were general agents. 186 Ala. 420, 65 South. 143. Their action in writing the insurance was binding on the defendant. 14 Ala. App. 527, 71 South. 615; 186 Ala. 420, 65 South. 145. The ninth plea was indefinite and uncertain. 124 Ala. 681, 26 South. 252. The insured had an insurable interest. 81 Ala. 320, 8 South. 222, 60 Am. Rep. 162; 77 Wis. 4, 45 N. W. 945, 8 L. R. A. 806; 152 Wis. 637, 140 N. W. 321, 45 L. R. A. (N. S.) 1131, Ann. Cas. 1914C, 609; 88 Ala. 613, 7 South. 379. Wyatt & Sons had authority to waive the stipulations of the policy. 157 Ala. 553, 47 South. 735; 200 Ala. 681, 77 South. 159. The company was subject to the penalty. Acts 1911, p. 317, amending sections 4594, 4595, Code 1907. 203 Ala. 551, 84 South. 765; 204 Ala. 517, 86 South. 379. There was no occasion for the affirmative charge.

MILLER, J. This is a suit on a fire insurance policy for loss by fire of a barn, corn, hay, peas, and farm and garden tools. The complaint follows substantially form 13 on page 1196 of the Code of 1907.

This is the second appeal to this court. The former is reported in 202 Ala. 374, 80 South. 456.

[1] The court sustained demurrers of plaintiff to plea No. 9. Its meaning is not clear and certain. It does not aver, if fire occurred, notice in writing of loss signed and sworn to must be, and was not, given the company by the insured within 60 days thereafter. It does not declare what the policy required the insured to do after loss by fire and what the written notice must contain. It fails to aver an express contract of forfeiture in the policy for failing to give written notice of loss by fire within 60 days after it occurs. Section 5330, Code 1907; Pom. on Contracts, § 392; Taber v. Royal Ins. Co., 124 Ala. 681, 26 South. 252; Home Ins. Co. v. Adler, 71 Ala. 516.

[2] The pleas of defendant numbered 5, 6, 7, 8, 10, and 12 alleged facts in defense to recovery for the barn to the effect: That the policy sued on contained this condition, subject to which it was issued by defendant, and accepted by plaintiff, viz. "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if subject of insurance be a building on ground not owned by the insured in fee simple;" that said barn insured was, at the time of the issuance of said policy and at the time of the fire, on ground not owned by and it was not owned by the insured (the plaintiff) in fee simple, and it was not provided by agreement indorsed upon or added to said policy of insurance that same should not be void by reason thereof; and that the barn was insured separately, and the insurance contract was divisible.

The plaintiff replies specially to these six pleas. One is numbered 2. It is addressed to all of them. The other is lettered A. It is addressed to only three of them, 7, 8, and 12. Replication 1 is to this effect: The plaintiff was in possession of the barn, one of the agents of defendant who issued the policy, and before issuing it examined the barn and its contents, and before the contract of insurance was made and executed plaintiff explained to the agent that the barn was on land that was under mortgage; that it was purchased in the name of plaintiff's wife; that the personal property insured was his property, and he asked this agent of defendant if it would be necessary to insure the property in two policies, and the agent said it would not, and following said conversation the policy of insurance was issued, and "plaintiff was at that time and at the time of the issuance of the policy and making the contract sued on and at the time of the fire in possession of all of said property." Replication A contained the foregoing averments in replication No. 1, and the following additional allegations:

"At the time of the issuance of the policy plaintiff was using the said barn to house and store his farming implements and farm products raised by him that year on the farm on which the barn was located, which was with the assent and concurrence of his wife, the owner

of the farm, and he was in possession of the barn at that time, with an agreement with his wife that he was to pay the purchase money for the farm on which the barn was situated, and in the meantime should use it for carrying on his farming operations; and the full purchase price for said farm did not mature until, to wit, 1920. Wyatt at that time knew that plaintiff was in possession of and working said farm."

The legal title to the barn, and the ground on which it was erected, was in the wife of plaintiff. Under section 209 of the Constitution it was the separate estate and property of plaintiff's wife, not liable for any debts, obligations, or engagements of plaintiff, her husband. It may be devised or bequeathed by her, the same as if she were a feme sole. It can be willed by her without her husband's consent, but it cannot be conveyed by her without his consent. She must sue in her name for the recovery of her separate property, for injuries to it, for its rents, income, or profits. When insured, it should be in her name. Sections 4493 and 4494 of Code 1907.

[3] Section 4544 of the Code of 1907 defines a contract of insurance. It is as follows:

"A contract of insurance is an agreement, expressed or implied, by which one party, for a consideration, promises to pay money, or its equivalent, or to do some act of value to the assured, upon the destruction or injury of something in which the other party has an insurable interest."

Did the plaintiff have an insurable interest in the barn? If not, then the policy would be void as to the barn; it being repugnant to public policy to allow one person to insure the property of another for his benefit. If he has no interest in the property insured, there would be a temptation to destroy it; and he would be helped and not injured financially thereby. The owner only would be injured. The idea of insurance is to indemnify in case of loss by fire. If there is no interest in the property, then there could be no loss in case of fire to the insured. Burnett & Martin v. Eufaula Home Ins. Co., 46 Ala. 14, 7 Am. Rep. 581; Howard Fire Ins. Co. v. Chase, 72 U. S. (5 Wall.) 509, 18 L. Ed. 524. The plaintiff must have an interest in the property, the barn, and that interest must be insurable.

The only interest averred by replication No. 1 that plaintiff had in the barn is in these words: Plaintiff was "in possession of all of said property" when the conversation was had with the agent, when the contract of insurance was made and executed, and when the fire occurred. The barn belonged to the wife; possession alone was in the husband, the plaintiff. Just bare possession of the barn with no facts averred except being the husband, to show right of possession and use of the barn, is not sufficient interest in the barn by plaintiff to be insured. It is not an insurable interest.

The demurrers of defendant to replication No. 2 to pleas 5, 6, 7, 8, 10, and 12 should have been sustained. Burnett & Martin v. Eufaula Home Ins. Co., 46 Ala. 14, 7 Am. Rep. 581; Howard Fire Ins. Co. v. Chase, 72 U. S. (5 Wall.) 509, 18 L. Ed. 524; section 4544, Code 1907.

[4] Replication A of plaintiff to pleas 7, 8, and 12 is set out in substance heretofore in this opinion. Under it the plaintiff, the husband, shows his right to possession of the barn under contract with his wife, when the policy of insurance was executed. It appears from this replication that plaintiff was tenant of his wife, as to the land and the barn; that the barn was used by him to store his crops raised on this place; that he was to continue to farm on the land and use the barn, the consideration being he was to pay the purchase money debt due by his wife thereon. This gave the husband, the plaintiff, an interest in the barn. It was to his interest to keep it for use, and not to destroy it. Its preservation was beneficial to him under his contract with the owner. His interest was continuous therein during the life of the insurance policy. Its destruction would bring pecuniary loss to him. This contract with his wife gave him an insurable interest in the barn. That interest is the value of his leasehold in the barn, and not the value of the barn. Com. Fire Ins. Co. v. Capital City Ins. Co., 81 Ala. 320, 8 South. 222, 60 Am. Rep. 162; Horsch v. Dwelling House Ins. Co., 77 Wis. 4, 45 N. W. 945, 8 L. R. A. 806.

[5] The allegations of replication A show plaintiff has an insurable interest in the barn; but it fails to aver that he informed the defendant's agent thereof before the policy was issued. It shows that plaintiff before the contract of insurance was made informed the agent that the barn belonged to his wife, and the personal property therein belonged to him, and asked the agent if two policies were necessary, and the agent replied that "it would not," and that the agent "knew that plaintiff was in possession of and working said farm"; but nowhere therein does it appear that the defendant, or its authorized agent, knew before and when the policy was issued that plaintiff had an insurable interest in the barn, and the exact nature of that interest.

If the barn belonged to the wife in fee simple, and the defendant or its agent was informed thereof by the plaintiff before the policy was issued, then the policy as to the barn was void; and a void policy cannot afterwards be made valid by pleading waiver thereof on uncommunicated facts, which were in existence, but not known to both parties, before its execution. It was the duty of the plaintiff to have informed the defendant or its agent of the insurable interest he had in the barn before the policy was issued,

in order to set up that his not owning it in fee simple was waived. His not owning the fee-simple title could not be waived if the authorized agent had no notice thereof before the policy was issued. To have waived it, the defendant, or its authorized agent, must have known before the policy was issued that the plaintiff did not own a fee-simple title to the barn, but that he did own an insurable interest therein, and its nature, and with full knowledge of these facts the policy was issued by the defendant or its authorized agent to the plaintiff. The policy then would be binding whether the defendant indorsed thereon or not the true interest of plaintiff in the insured property.

Demurrers of defendant to replication A to pleas No. 7, 8, and 12 should have been sustained. Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 South. 46; Security Mut. Life Ins. Co. v. Riley, 157 Ala. 553, 47 South. 735; Ins. Co. of N. Am. v. Williams, 200 Ala. 681, 77 South. 159.

[6] The court did not err in allowing evidence as to the conversation between plaintiff and L. B. Wyatt, the agent of the defendant, in regard to the ownership of the barn and its contents, the mortgage on the land on which the barn was situated, the amount of the debt due on the farm, when payable, and the agreement between plaintiff and his wife in regard to the barn and farm and the debt thereon just before the insurance policy was issued, and in regard to insuring the barn and the personal property. This was material to show that defendant or its authorized agent knew before the policy was issued who owned the barn and the personal property, and what interest, if any, the plaintiff had therein. Did the defendant, or its authorized agent, with or without knowledge of these facts issue to plaintiff the policy on the barn and on the personal property?

[7, 8] The penalty of 25 per cent. allowed by 'sections 4594 and 4595, as amended by Acts 1911, p. 316, under certain conditions therein named against insurance companies, does not bear interest. The jury must "assess and add 25 per cent. of the amount proven to be due the assured under such policy or policies, and judgment shall be rendered accordingly, whether claimed in the complaint or not."

The court in its oral charge on interest, excepted to by the defendant, did not follow the exact language of the statute, but in practical operation the charge of the court was in effect the same as the statute rule. The court properly, under the conflicting evidence, left it to the jury to decide whether the penalty should be added, in event of recovery by plaintiff.

The questions as to the execution and delivery of the policy under the non est factum plea and the territorial authority of the agents were all under the testimony correctly left by the court to the jury. The law on these subjects was clearly given in the former opinion in this case. 202 Ala. 374, 80 South. 456.

The court in its oral charge and in the written charges, given and refused, followed the law substantially as directed by this court in the former opinion; and no special argument for error thereon is made and insisted on in brief of appellant, except the refusal by the court to give the written affirmative charges asked for by it.

[9] The testimony being in conflict on all material issues, the court below properly refused the affirmative charges. It was a jury case.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.