181 So. 117.
### DIXIE FIRE INS. CO. v. FLIPPO.
#### 8 Div. 879.

Supreme Court of Alabama.

April 14, 1938.

Rehearing Denied May 19, 1938.

118

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Fred S. Parnell, of Florence, for appellee.

THOMAS, Justice.

The suit was for recovery on fire insurance policy.

■ The rule declared in this court is that an assured, not owning the title, the insurer could not be said to have waived this defect in title or interest without notice, unless defendant or its authorized agent knew before the policy was issued that plaintiff did not own a title to the property, but did own an insurable interest therein, and unless the nature of plaintiff's interest was fully disclosed and known to defendant, or, unless with full knowledge by the defendant or its authorized agent of the nature of such insurable interest as plaintiff had, the policy was issued by defendant or its authorized agent and delivered to the plaintiff with full knowledge. North River Insurance Co. v. Flippo, Ala. Sup., 181 So. 114;[1] Royal Exchange Assur. of London, Eng. v. Almon, 206 Ala. 45, 89 So. 76; American Equitable Assur. Co. v. Powderly Coal & Lumber Co., 225 Ala. 208, 142 So. 37; Insurance Company of North America v. Williams, 200 Ala. 681, 77 So. 159; Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 130 So. 180.

■ The replications to pleas 2 and 3 are sufficient answer to the respective pleas and do not fall within the rule indicated in and applied to the pleading as dealt with in the case of North River Insurance Co. v. Flippo, post, p. 128, 181 So. 114.

■ The evidence supported the respective pleadings and the pleading involving waiver, and a jury question was presented. North River Ins. Co. v. Flippo, Ala.Sup., 181 So. 114;[1] McMillan v. Aiken et al., 205 Ala. 35, 88 So. 135; Jones v. Bell, 201 Ala. 336, 77 So. 998. There was no error in declining to give the general affirmative charge requested in writing by defendant.

■ There was no error in rulings on evidence that had not been duly indicated and argued. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

■ In its oral charge the court said:

"Now Gentlemen, generally speaking, under the law, when a house is built on real estate—that is land—it becomes part of the real estate and the person owning the real estate is presumed automatically to own the house. But, if there is a separate and distinct contract made when a person puts a house on a lot, owning the house itself and not the lot, and there is a valid binding contract that the house is his although the land is not his, and the house and land is each separate, then testimony is admissible to show who owns the house in spite of that presumption that the person who owns the lot owns the house.

"That is an issue for you Gentlemen to decide and you must decide it from the testimony in the case.

"If he did not own the house and you are reasonably satisfied of that from the tes-

---

[1] Post, p. 128.

timony in the case it would be your duty to find your verdict for the defendant, under those three pleas. If he did own the house then you could not find your verdict for the defendant under those three pleas."

The pleas referred to in the court's oral charge, 4, 5, and 6, were to the effect that the policy insured the furniture and household goods contained in 'the building described in the policy as being occupied by the owner of the dwelling house. It is averred that, at the time of the fire, the building was not so occupied. The evidence was to the effect that the assured had a right of property, of ownership and occupancy in the house in question where the personal property was located at the time of the fire. There was no error in such part of the court's oral charge to which exception was taken.

■ The law of trade fixtures becoming a part of the realty is well settled in Johnston, Receiver, v. Philadelphia Mortgage & Trust Co., 129 Ala. 515, 30 So. 15, 87 Am.St.Rep. 75. Such are not the facts in the case before us. In this case, the right of occupancy, the right of living in the house at the time, under the lease sales contract from the owner of the fee, was an ownership in the house in the sense dealt with by the parties in the policy and which was made the subject of oral instruction of the court to the jury. The policy was as follows:

"To the Following Described Property While Located and Contained as Described Herein and not Elsewhere To-Wit:
Ala.
"Form No. 122A Dwelling and Household Furniture Form
(Unprotected and farm property)
"If farm property, state number of acres —————— acres.
"Attached to and forming a part of Policy No. 162435 of the Dixie Fire Insurance Co. of Greensboro, N. C., issued at its Florence, Alabama Agency.
"Fire and Lightning Tornado, Cyclone and
"(1) $ None    Windstorm $ None
On this One Story Frame Building with Comp roof, occupied by Owner as a dwelling house, and all permanent fixtures, including window and door (State whether by owner or tenant) screens, awnings, and storm doors and windows, contained in or on said stored in other builds on same premises and fencing, sittate:

"No ——— on the West side of South Franklin Street
"Block No. ——— in Florence, Ala. Weeden Heights
"Note: It is understood and agreed that cloth awnings and/or solar water heating systems outside of building and/or fencing are specifically excluded from tornado or windstorm coverage.
"(2) $500.00 None On Household and personal effects. * * *"
"This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this Policy together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto; and no officer, agent or other representative of this Company shall have power to waive any provision or condition of this Policy except such as by the terms of this Policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this Policy exist or be claimed by the insured unless so written or attached."

■ The part of the oral charge of the court made the basis of the twenty-second assignment of error is free from objection urged when referred to the phase of evidence which has application thereto. The facts and decision in the case of Royal Exchange Assur. Co. v. Almon, 206 Ala. 45, 89 So. 76, though different, indicate that the defendant was informed that plaintiff did own an insurable interest in the personal property in his dwelling, which insurable interest was limited only as to the three pieces of personal property that were subject to installment contracts.

■ Though waiver is a question of intention (Corpus Juris, vol. 67, pp. 289, 299), here the facts were stated as to the title and the jury held the right of occupancy and waiver with a knowledge of the facts with defendants.

■ Defendant introduced in evidence a chattel mortgage on all of plaintiff's household furniture. Plaintiff was permitted to

testify, over appellant's objection, that he had an agreement with the Bankers Finance Company, the mortgagee, that his household furniture was not to be included in the mortgage, and that his household furniture was inserted in the mortgage contrary to his instructions. The court properly overruled objection to such evidence. It was a collateral inquiry.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

