49 So.2d 188

**HANOVER FIRE INS. CO. OF NEW YORK v. SALTER.**

**3 Div. 907.**

Court of Appeals of Alabama.

Oct. 3, 1950.

Rehearing Denied Oct. 31, 1950.

Edwin C. Page, Jr., of Evergreen, for appellee.

Edw. Reid, of Andalusia, for appellant.

HARWOOD, Judge.

This is an appeal by the defendant below from a verdict and judgment rendered in favor of the plaintiff below, appellee here. For convenience the parties will hereinafter in this opinion be referred to as plaintiff and defendant.

The complaint contained two counts. Count I claimed the value of a truck insured against loss by fire under a policy of

insurance issued by the defendant, which truck was destroyed by fire.

Count II is practically identical with count I, except it claims for damages to the truck by fire.

The defendant filed a plea in abatement on the ground that the plaintiff filed Proof of loss with the defendant, which was dated 26 July 1947, and received by defendant on 27 July 1947, and that thereafter suit in this cause was filed by the plaintiff on 23 August 1947, which was less than thirty days from the filing of such Proof of Loss, and in violation of the provisions of the insurance contract that actions should not be against the defendant company under the policy until thirty days after Proof of Loss was filed and the amount of loss determined as provided in the policy.

Plaintiff's demurrer to the plea in abatement being overruled, the plaintiff filed two replications.

Replication No. 1 averred that the defendant had denied liability under the policy by registered mail, and thereby had waived the policy requirements that proof of loss be filed.

Replication No. 2 averred that the defendant denied liability under the policy by registered mail and that suit was filed more than thirty days after such denial, and that the defendant by such denial of liability waived the policy requirements as to Proof of Loss and limitations on time for filing suit.

The defendant filed a rejoinder to plaintiff's replications 1 and 2, in which it admitted that on 27 June 1947, it had denied liability by registered letter, but the defendant averred that on 26 July 1947 the plaintiff had executed a Proof of Loss, which was received by mail by the defendant on 27 July 1947, which Proof of Loss was filed by election by the plaintiff, and having so elected the plaintiff was thereby bound by the terms of the policy which provided that suit should not be for thirty days after Proof of Loss is filed.

Plaintiff demurred to defendant's rejoinder on the grounds that said rejoinder shows on its face that denial of liability by the defendant was an election not to pay said policy of insurance under all circumstances, and therefore no Proof of Loss was required to be filed by the plaintiff; that said rejoinder shows on its face that filing of Proof of Loss was waived by the defendant; that the rejoinder shows that defendant is now estopped from asserting the policy requirement of Proof of Loss; and that said rejoinder shows that suit was filed more than thirty days after denial of liability by the defendant.

The court sustained plaintiff's demurrer to the rejoinder.

■ This action by the court is the basis of defendant's (appellant's) assignment of error No. 1. In his brief appellant's counsel argues that the action of the plaintiff in filing the Proof of Loss amounted to a waiver by the plaintiff of any waiver of the defendant created by the denial of liability.

In Bankers Fire & Marine Ins. Co. v. Draper, 242 Ala. 601, 7 So.2d 299, 301, the Supreme Court enunciated the following doctrine:

"The provision in a fire insurance policy in effect delaying suit on it until a certain time after furnishing proofs is waived by a denial of liability on the part of the insurer. Rhode Island Ins. Co. v. Holley, 226 Ala. 320, 146 So. 817; Box v. Metropolitan Life Ins. Co., 232 Ala. 321, 168 So. 217; 29 Am.Jur. 1038 section 1391.

\* \* \* \* \* \*

"It is also insisted that plaintiff did not act upon any such waiver but made the proofs within the time required, and brought suit before the expiration of sixty days after doing so. Reliance is had on the principle that a waiver may be waived, citing Tedder v. Home Ins. Co., 212 Ala. 624, 628, 103 So. 674. That case cites 26 Corpus Juris 393, § 505, which declares that a waiver of proof is not defeated by the subsequent act of insured in attempting to furnish them. Fedas v. Insurance Co. of Pennsylvania, 300 Pa. 555, 151 A. 285. But there may be a waiver of a waiver by subsequent mutual agreement. The election to waive the proofs and the waiting period of sixty days, once made, is irrevocable.

American Ins. Co. v. Millican, 228 Ala. 357, 153 So. 454(5)."

The above doctrine supports the action of the trial court in the instance now being considered.

■ The defendant filed six pleas. Plea 1 is the general issue.

Pleas 2 and 3 set forth the policy provision that the policy does not apply while the automobile is subject to encumbrance not declared in the policy, and aver that the insured truck was encumbered by a mortgage, or mortgages, not declared in the policy.

Pleas 4, 5, and 6 aver in various ways a breach by the plaintiff of the following provision in the policy:

"This policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or in case of any fraud, attempted fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The plaintiff filed demurrers to these pleas, setting up, among other grounds that the pleas failed to allege that the risk of loss was increased by the execution of any mortgage or mortgages, or that said mortgage was given with intent to defraud.

Appellant's assignment of error No. 2 is addressed to the court's action in sustaining the demurrer to pleas 2 through 6.

Because of the defects in the above pleas, the court correctly sustained the demurrers filed to them. Great American Insurance Co. v. Dover, 219 Ala. 530, 122 So. 658; National Union Fire Insurance Co. v. Schwab, 241 Ala. 657, 4 So.2d 128.

■ The defendant then filed six additional pleas (pleas. 7 through 12), which pleas assert the same defensive matter as asserted in pleas 2 through 6, but further aver that the misrepresentation by the plaintiff as to the existence of any other encumbrance on the truck was made with actual intent to deceive, or increased the risk of loss.

The plaintiff then filed a replication to these pleas (7 through 12), in which, omitting the formal parts, he asserted that:

"At the time the insurance policy in question, the subject of this litigation was purchased by the Plaintiff, that one A. P. Weed, who was then President of the Bank of Brewton, Brewton, Alabama, a Corporation, was the Agent of the Defendant; that said Agent at such time had full authority to write such policy of fire insurance, that the Plaintiff made no written application for said policy of insurance, and that said Agent of the Defendant, and no other Agent of the Defendant, asked any information of the Plaintiff relative to any provision or clause in said policy of fire insurance to be issued, that said policy would not apply under any of the coverages while the automobile is subject to any bailment, lease, conditional sale or other incumbrance, and that said Defendant or its Agent, did not ask the Plaintiff relative to any such mortgages or other incumbrances, except mortgage then taken from the Plaintiff to the Bank of Brewton, and that the Plaintiff made no statement to the said Agent of the Defendant or to the Defendant relative to said mortgages or incumbrances, except as to the mortgage then taken by the Bank of Brewton; that the Plaintiff had no knowledge that said mortgages or information relative thereto was material to the risk or that the risk would have been rejected by the Defendant if the Defendant had known thereof, and the Plaintiff made no statement or stipulation relative to any such mortgage or mortgages; that some time after said policy of insurance was purchased the policy in suit was issued by the Defendant to the Plaintiff, and was retained by the Bank of Brewton in its files, and the Plaintiff had not seen said policy and never had said policy in his possession and had never read the same or knew any of the provisions thereof until after the loss of the automotive truck occurred.

"Wherefore the Plaintiff says that the Defendant has waived said provision as set forth in said plea and is estopped to assert same."

The defendant's demurrers to the replication were overruled, and this action by the court is made the basis of his assignment of error No. 6.

In his brief counsel for appellant argues that error infected this ruling by the court because the plaintiff, in effect, was attempting to say in said replication that he had met his responsibilities under said policy, by mere silence, and further, that the defendant insurance company could not be deemed to have waived the policy provision as to other encumbrances until it knew of said encumbrance.

In Couch, Enc. of Insurance Law, Vol. 4, p. 3170, it is stated: "As a general rule, the issuance of a policy of insurance without inquiry as to encumbrances on the property insured, or requiring written application, waives any policy provisions with respect to encumbrances, especially if the insured makes no statements or stipulations in reference thereto, and has no knowledge that such information is material, or that the risk would have been rejected had insurer known the facts, the theory being that, by issuing the policy without inquiry, the insurer assumes the risk of existing encumbrances and waives any conflicting provisions of its policy, which is printed in a common form without reference to specific cases; and this rule obtains, although the condition as to forfeiture is a part of a standard fire policy."

Likewise, in Amer.Jur., Vol. 29, Section 620, the rule is laid down, well supported by citation of authority that: "As a general rule, one insuring property is not bound to disclose an encumbrance, at least in the absence of an inquiry as to the existence thereof, or of a fraudulent concealment. If no inquiry is made, the mere obtaining of an insurance policy on property with no statement concerning encumbrances does not amount to a representation that the property is not encumbered, and it is held by some authorities that in order to avoid a policy for nondisclosure of encumbrances, it is not sufficient that the encumbrance is material to the risk, but there must be actual fraud or misrepresentation. As the public records usually give information in reference to such matters, an applicant for insurance may assume that the insurer knows of any existing encumbrances or deems it immaterial whether the property is encumbered."

The rule prevailing in this jurisdiction does not seem to be in accord with the above principles. In Dixie Fire Ins. Co. v. Flippo, 236 Ala. 116, 181 So. 117, 118, it is stated: "The rule declared in this court is that an assured, not owning the title, the insurer could not be said to have waived this defect in title or interest without notice, unless defendant or its authorized agent knew before the policy was issued that plaintiff did not own a title to the property, but did own an insurable interest therein, and unless the nature of plaintiff's interest was fully disclosed and known to defendant, or, unless with full knowledge by the defendant or its authorized agent of the nature of such insurable interest as plaintiff had, the policy was issued by defendant or its authorized agent and delivered to the plaintiff with full knowledge. North River Insurance Co. v. Flippo, 236 Ala. 128, 181 So. 114; Royal Exchange Assur. of London, Eng. v. Almon, 206 Ala. 45, 89 So. 76; American Equitable Assur. Co. v. Powderly Coal § Lumber Co., 225 Ala. 208, 142 So. 37; Insurance Company of North America v. Williams, 200 Ala. 681, 77 So. 159; Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 130 So. 180."

It is to be noted however that the replication asserts, in addition to a waiver, that the defendant is estopped from asserting the forfeiture provisions. The replication asserts that the agent of the defendant company was also president of the Bank of Brewton; that no written application was taken for the policy, and no inquiry was made of insured relative to other encumbrances, and insured had no knowledge that such information was material to the risk; and further, that after the policy was issued by the defendant that it was never delivered to the insured or read by him, but was retained by the Bank of Brewton, of which defendant's agent was president.

We think that regardless of any question of waiver the above facts should, and do estop the appellant from asserting the for-

492

feiture clauses of the policy, and avoid the defense relied on. The lower court therefore properly overruled defendant's demurrer to the replication.

 The defendant next filed a rejoinder to plaintiff's replication. The plaintiff's demurrer to defendant's rejoinder was sustained by the court, and this ruling by the court is the basis of appellant's assignment of error No. 8.

We pretermit discussion of this ruling except for the observation that the matters asserted in the rejoinder merely raised issues already made by the other pleadings, and further the defendant was permitted to make proof of the matters alleged in the rejoinder. The ruling in this instance, was therefore, in any event harmless. Payne v. Crawford, 102 Ala. 387, 14 So. 854; Pope v. Glenn Falls Ins. Co., 136 Ala. 670, 34 So. 29; Ryan v. Young, 147 Ala. 660, 41 So. 954.

Appellant's assignment of error No. 10 asserts as error the court's oral instructions to the jury as to the measure of damages in event the verdict was for the plaintiff. No exceptions were reserved to these instructions in the trial below, nor were any explanatory or corrective charges relative to such matter requested by the defendant. The verdict of the jury was responsive to the court's instructions. Under such circumstances nothing to review in regard to the propriety of the court's instructions as to the measure of damages is presented by the record.

The evidence introduced by the plaintiff tended to, and if believed by the jury under the required rule, was sufficient to support the allegations of his pleadings. The tenor of this testimony follows the allegations of plaintiff's pleadings, and would be largely repetitious of the matters above set forth in the pleadings. We will not therefore detail this evidence further.

The defendant's evidence was directed toward showing that the agent of the defendant did inquire of the plaintiff at the time the policy was written relative to other encumbrances on the truck, and was told that no other encumbrances existed; and

further that plaintiff was informed that the insurance could not be written if there were other encumbrances on the truck.

This contradiction in the evidence as to whether plaintiff was questioned concerning other encumbrances presented a question of fact solely within the province of the jury to resolve. It is apparent from their verdict that this issue of fact was resolved in favor of the plaintiff. This being so, in view of the legal principles above enunciated, which we think should govern, when applied to the developed evidence, fully justified the lower court's refusal of the general affirmative charge, and denial of defendant's motion for a new trial, which rulings by the lower court are assigned as error in assignments of error 12 and 13, respectively.

Other errors were assigned by the appellant. We have written to all assignments carried forward in appellant's brief. Indeed, with commendable candor appellant's able and earnest counsel has designated the assignments not argued in his brief as inapt.

It is our conclusion that this record is free of error probably injurious to the substantial rights of appellant, and it is therefore ordered affirmed.

AFFIRMED.