199 So.2d 851

**NATIONAL SECURITY INSURANCE COMPANY**

v.

**Alvinea FREEMAN.**

**4 Div. 276.**

Supreme Court of Alabama.

June 1, 1967.

Joe C. Cassady, Enterprise, for appellant.

Jere L. Beasley, Clayton, for appellee.

**154**

HARWOOD, Justice.

The action below was on a health and accident policy issued by the defendant company to Charlie Freeman, the plaintiff being the beneficiary under the accidental death provisions of the policy.

The complaint was in one count, and in code form.

The defendant filed pleas of the general issue, and special pleas pointing out certain policy provisions which allegedly avoided coverage under the policy, special plea 3 setting up that at the time of his death Charlie Freeman was over fifty years of age, and the policy provided that the death benefits applied only if the insured had reached ten years of age and prior to his attaining fifty years of age.

To the defendant's pleas, the plaintiff joined issue by replication, especially setting up in one ground of her replication that the defendant, by accepting the premiums specified in the policy up to the date of the death of insured, "with the knowledge that the defendant was at said times over the age limit" specified in the policy, waived the provisions set out in special plea 3. The court overruled defendant's demurrer to plaintiff's special replication to defendant's plea 3.

The defendant then filed a rejoinder, and the court sustained the plaintiff's demurrer to the rejoinder.

At the conclusion of the evidence, the court gave to the jury the plaintiff's requested affirmative charge with hypothesis. The jury thereupon returned a verdict for the plaintiff, fixing damages according to the terms of the policy. Judgment was entered pursuant to the verdict, and the defendant, its motion for a new trial being overruled, perfected an appeal.

■ Appellant's assignment of error 1 asserts error in the action of the court in overruling the demurrer to plaintiff's special replication No. 3. This replication set up a valid traverse to defendant's special

plea No. 3, and no error resulted from the court's action in this premise.

Appellant's assignment of error No. 2 charges error in the action of the court in sustaining the plaintiff's demurrer to defendant's rejoinder to special replication No. 3.

■ The matters asserted in the rejoinder merely raised issues already made by the pleadings, and the defendant was permitted to make proof of matters alleged in the rejoinder. Assuming the rejoinder to be valid, no harm could have resulted to the defendant in the court's action in sustaining the demurrer. Hanover Fire Ins. Co. of New York v. Salter, 35 Ala.App. 487, 49 So.2d 188.

We come now to a consideration of the merits of this appeal. The evidence is brief and all to the same end.

On 14 October 1957, the defendant issued two policies to Charlie Freeman. In this review we are interested in only one of these policies, that is the health and accident policy.

This policy is designated on its face as a "Health and Accident Insurance Policy."

There also appears on the face of the policy in extra bold letters: "This Policy Provides Weekly Indemnities for Disability, and an Indemnity for Death or Loss of Limb by Accidental Means."

The first indemnity provision in the policy relates to payments for disability resulting from disease or accident.

The second insured loss relates to payment for loss of a limb, or limbs, or eyes.

The third insured loss, under the heading, "Accidental Death" relates to indemnity for accidental death of the insured "after attaining the age of 10 and prior to attaining age 50."

*The policy itself shows that Freeman was 53 years of age at the time the policy was issued.*

All premiums were regularly paid from the date of the policy through and including the date on which Freeman met his accidental death, some seven years later.

In briefs, respective counsel have argued at length the questions of the effect of waiver and estoppel on the enforcement of the policy under the facts shown, with citation of authorities. We see no need to discuss these contentions, since the question of the effectiveness or ineffectiveness of the age limitations found in the policy are governed by the statute law of this state.

By Act No. 193, approved 16 July 1953 (1953 Acts of Alabama, Vol. 1, p. 247) the legislature sought to provide for uniform individual accident and sickness policy provisions in accident and sickness insurance policies. This Act appears as Sections 418–428 inclusive, Title 28, Code of Alabama 1940, Pocket Part.

Section 1 of said act defines an Accident and Sickness Insurance Policy as including any policy or contract covering insurance against loss resulting from sickness or bodily injury or death by accident, or both.

■ In Section 12 of Act 193, supra, it is provided that "This act shall take effect on the ...... day of ...... 195...." Because of the omission to fill in these dates, this provision is a nullity, that is, the same as if no effective dates of the Act had been provided.

■ In this state the rule of the common law is recognized that statutes are in force from the date of their approval, when no time is fixed for them to take effect. State ex rel. Jones v. Stearns, 200 Ala. 405, 76 So. 321.

Act 193 therefore became effective on the date of its approval on 16 July 1953.

Section 7 of Act 193 provides:

"If any such policy contains a provision establishing, as an age limit or otherwise, a date after which the coverage provided by the policy will not be effective, and if such date falls within a period for which premium is accepted by the insurer or if the insurer accepts a premium after such date, the coverage provided by the policy will continue in force subject to any right of cancellation until the end of the period for which premium has been accepted. * * *"

In 1957, by Act No. 497 (1957 Acts of Alabama, Vol. II, p. 834, approved 18 September 1957), Act No. 193 (the 1953 Act) was amended. However, Sections 1 and 7 of Act 193 appear in the 1957 Act as Sections 1 and 11, and are identical with the former Act 193. Act 497, supra, appears as Sections 418–431, Title 28, Recompiled Code of Alabama, 1958.

By Section 16 of Act 497, it is provided that said Act will become effective on 1 January 1958.

By this provision as to the effective date of Act 497, the original Act 193 remained in force until 1 January 1958.

The policy now under consideration was issued on 14 October 1957. It is therefore within the operation of Section 7 of the 1953 Act, supra.

■ There was no right of cancellation of the policy exercised by the defendant before the end of the period for which it had accepted a premium. The age limitations in the policy were therefore not effective, and no error can be cast upon the lower court in the giving of the affirmative instruction in favor of the plaintiff.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.